# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK J. PATANE, JULIE HARDING, HEATHER HARRIGAN, STEPHEN S. SHAPIRO, CATHERINE PORTER, ERICA RUSSELL, TINA MORETTI, BRIDGET KOPET, JENNIFER S. COLE, BENJAMIN A. FLETCHER, DIANE BOGDAN and MICHAEL BROWN, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : : : : | CIVIL ACTION NO. 17-cv-01381(JAM)  ALL CASES |
| Plaintiffs, | : : | |
| v. | : : | |
| NESTLE WATERS NORTH AMERICA, INC., | : : : | |
| Defendant. | : | JULY 17, 2018 |

## MOTION FOR LEAVE TO FILE OVERSIZED BRIEF IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Pursuant to Local Rule of Civil Procedure 7(a)5, Defendant Nestlé Waters North America Inc. ("NWNA") respectfully moves for leave to file an oversized memorandum of law of not more than seventy-five (75) pages in support of a motion to dismiss the Consolidated Amended Class Action Complaint filed by plaintiffs Mark J. Patane, Julie Harding, Heather Harrigan, Stephen S. Shapiro, Catherine Porter, Erica Russell, Tina Moretti, Bridget Kopet, Jennifer S. Cole, Benjamin A. Fletcher Diane Bogdan, and Michael Brown ("Plaintiffs").  In support of this motion, the undersigned represents as follows:

1.     On August 15, 2017, 11 individual plaintiffs, on their own behalves and seeking to represent numerous overlapping classes of persons who purchased Poland Spring® brand spring water ("Poland Spring Water") over a period of more than 10 years, filed a putative class-

action complaint ("Complaint") against NWNA in this Court. Several follow-on complaints were thereafter consolidated.

2. The Complaint consisted of 1,069 paragraphs, spanned 322 pages, and included eleven separate counts. The Complaint alleged claims of common-law fraud, breach of contract, and unfair and deceptive trade practices under the laws of eight jurisdictions, asserting NWNA falsely represents that Poland Spring Water is spring water when, according to the Complaint, Poland Spring Water does not meet the regulatory requirements of the FDA Spring Water Identity Standard.

3. By Order dated May 17, 2018, the Court dismissed the Complaints in the lead action and in all consolidated actions except one.[1] (Dkt. #141.) The Court held that the claims alleged in the Complaints were impliedly preempted by Section 337(a) of the federal Food, Drug and Cosmetic Act. (*Id.* at 20.) The Order was "without prejudice to plaintiffs' filing of amended complaints within 30 days that state any proper claims not preempted by federal law." (*Id.* at 22.)

4. On June 15, 2018, plaintiffs filed a Consolidated Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint, comprising 325 pages containing 1,036 separate allegations and twelve distinct counts, alleges that NWNA's Poland Spring Water, sold in retail and Home & Office markets across nine northeastern states stretching from Maine to Pennsylvania, is falsely labeled and fraudulently sold as "100% Natural Spring Water." Plaintiffs seek certification of a national class, claiming fraud and breach of contract for purchases made since November 5, 2003, as well as state-specific sub-classes based upon claims of alleged violations of ten separate state consumer protection and unfair and deceptive trade practice statutes.

---

[1] The remaining Complaint was dismissed without prejudice by stipulation filed on June 11, 2018. (Dkt. #147).

5. NWNA reasonably believes that the Amended Complaint is subject, in whole or in part, to dismissal. In order to fully and fairly address the legal arguments for dismissal, and despite continuing diligent efforts to be efficient, NWNA reasonably believes that it will require thirty-five (35) additional pages, over and above the 40 pages permitted by the local rules, for a total oversized memorandum of law in support of its motion to dismiss the Amended Complaint of not more than 75 pages. This brief is due to be filed by July 30, 2018.

6. In addition to a brief introduction, short factual recitation, and conclusion, totaling 5 pages in all, NWNA must brief eight distinct, alternative arguments for dismissal as a matter of law, as follows:

a. <u>Point I</u>: This Court must abstain from exercising jurisdiction over Plaintiffs' state-law claims under the *Burford*[2] abstention doctrine, which forecloses Plaintiffs from bringing state-law claims in this Court to challenge the validity of determinations made by State Regulators in Maine and eight other northeastern states that Poland Spring Water is spring water meeting the FDA Spring Water Identity Standard. This argument presently requires 18 pages.

b. <u>Point II</u>: Plaintiffs' state-law claims are impliedly preempted by FDCA Section 337(a), as they seek to privately enforce the FDA Spring Water Identity Standard. Plaintiffs' state-law claims do not allege that NWNA violated an independent state standard of identity, but rather allege that NWNA violated various state laws solely because Poland Spring Water allegedly violates 21 C.F.R. §165.110(a)(2)(vi), the FDA Spring Water Identity Standard. This argument presently requires 12 pages to analyze Plaintiffs' twelve state-law claims.

c. <u>Point III</u>: Plaintiffs' state-law claims are preempted by the FDCA under two other separate and distinct forms of preemption: express preemption under FDCA Section

---

[2] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

343-1(a)(1); and conflict preemption.  These arguments, entailing an analysis of the statutory and regulatory schemes of the FDCA and the FDA Spring Water Identity Standard, presently require 20 pages.

    d. <u>Point IV</u>:  Plaintiffs' state-law statutory consumer protection and unfair and deceptive trade practice claims are subject to dismissal as a matter of law because (i) they conflict with the pervasive regulatory scheme established by the FDA Spring Water Identity Standard; and (ii) are barred by each state's safe harbor exemption from state-law liability, as NWNA's sale of Poland Spring Water was specifically permitted by each State's Regulators as complying with the FDA Spring Water Identity Standard.  This argument presently requires 7 pages.

    e. <u>Point V</u>:  Plaintiffs' state-law statutory consumer protection and unfair and deceptive trade practice claims are precluded as a matter of state law.  Each state's laws prohibit Plaintiffs from directly enforcing violations of the state statutes and regulations cited in Plaintiffs' Amended Complaint and preclude Plaintiffs from circumventing those prohibitions by asserting state consumer fraud actions predicated on violations of those same laws.  This argument presently requires 5 pages.

    f. <u>Point VI</u>:  Plaintiffs have failed to plausibly state a claim for common-law fraud because there was nothing deceptive about the labeling of Poland Spring Water as spring water.  This argument presently requires 2 pages.

    h. <u>Point VII</u>:  Plaintiffs have failed to plausibly state a claim for breach of contract because State Regulators have determined that Poland Spring Water is, in fact, spring water.  Therefore, Plaintiffs received the benefit of their bargains.  This argument presently requires 1 page.

            i.        <u>Point VIII</u>: Finally, in the alternative, this Court should dismiss the Amended Complaint in deference to the primary jurisdiction of the FDA for the FDA to determine whether Poland Spring Water meets the FDA Spring Water Identity Standard. This argument presently requires 5 pages.

      7.      NWNA represents that it has used, and continues to use, diligent and substantial efforts to brief these numerous, complex legal issues efficiently and that it requires 75 pages to do so.

      8.      It is respectfully submitted that, under these circumstances, equity and due process require that NWNA be permitted reasonable space to articulate its arguments in favor of dismissal as a matter of law.

      9.      On June 18, 2018, counsel met and conferred regarding the requested relief. Counsel for Plaintiffs advised that they would not consent to the granting of any relief above the 40 pages permitted by the local rules. NWNA deferred filing any motion until it became clear that the 75-page estimate it provided to Plaintiffs on June 18 was, in fact, a reliable estimate of the length required to brief the issues satisfactorily, following substantial efforts to brief the issues efficiently. Though this work is ongoing, NWNA submits good cause now exists for the granting of the requested relief.

WHEREFORE, Defendant NWNA respectfully requests that, for good cause shown, this Court grant its motion for leave to file an oversized memorandum of law of not more than 75 pages in support of its motion to dismiss the Amended Complaint.

>Respectfully submitted,
>DEFENDANT,
>NESTLÉ WATERS NORTH AMERICA INC.
>
>By: */s/ Jonathan B. Tropp*
>    Jonathan B. Tropp (ct11295)
>    Day Pitney LLP
>    One Canterbury Green
>    Stamford, CT 06901
>    Telephone: (203) 977-7337
>    Fax: (203) 901-1733
>    jbtropp@daypitney.com
>
>    Jeffrey M. Garrod (admitted phv)
>    Craig Ollenschleger (admitted phv)
>    ORLOFF, LOWENBACH, STIFELMAN &
>    SIEGEL, P.A.
>    101 Eisenhower Parkway, Suite 400
>    Roseland, NJ 07068-1097
>    Telephone:  (973) 622-6200
>    Fax: (973) 622-3073
>    jmg@olss.com
>    co@olss.com
>
>    Thomas B. Mayhew (admitted phv)
>    Farella, Braun & Martel LLP
>    235 Montgomery St., 30th Flr
>    San Francisco, CA  94104
>    Tel.: (415) 954-4400
>    Fax: (415) 954-4480
>    tmayhew@fbm.com
>
>    Its Attorneys