# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK J. PATANE, JULIE HARDING, HEATHER HARRIGAN, STEPHEN S. SHAPIRO, CATHERINE PORTER, ERICA RUSSELL, TINA MORETTI, BRIDGET KOPET, JENNIFER S. COLE, BENJAMIN A. FLETCHER, DIANE BOGDAN and MICHAEL BROWN, Individually and on Behalf of All Others Similarly Situated, | : CIVIL ACTION NO. 17-cv-01381(JAM) :  :  :  : ALL CASES :  :  :  : |
| Plaintiffs, | : : |
| v. | : : |
| NESTLE WATERS NORTH AMERICA, INC., | : : : |
| Defendant. | : JULY 30, 2018 |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7, Defendant Nestlé Waters North America Inc. ("NWNA") hereby moves to dismiss the Consolidated Amended Class Action Complaint ("Complaint") filed by plaintiffs Mark J. Patane, Julie Harding, Heather Harrigan, Stephen S. Shapiro, Catherine Porter, Erica Russell, Tina Moretti, Bridget Kopet, Jennifer S. Cole, Benjamin A. Fletcher Diane Bogdan, and Michael Brown ("Plaintiffs").

Plaintiffs' Complaint alleges claims of common-law fraud, breach of contract, and statutory consumer protection violations and unfair and deceptive trade practices under the laws of nine jurisdictions, asserting NWNA falsely represents that its Poland Spring® Brand 100% Natural Spring Water ("Poland Spring Water") is spring water when, according to Plaintiffs,

Poland Spring Water does not meet the regulatory requirements of the U.S. Food and Drug Administration's ("FDA") Spring Water Identity Standard ("Identity Standard"), 21 C.F.R. §165.110(a)(2)(vi).

Plaintiffs' Complaint fails as a matter of law for each and all of the following separate and independent legal grounds:

1. *Burford*[1] Abstention:  Exercising the authority vested in them by Congress and the FDA, State Regulators in Maine and eight other states have determined that Poland Spring Water is spring water meeting the FDA Identity Standard and have issued permits or licenses authorizing the labeling and sale of Poland Spring Water as spring water in those jurisdictions. Pursuant to Fed. R. Civ. P. 12(b)(1), this Court must abstain from exercising jurisdiction over Plaintiffs' state-law claims under the *Burford* abstention doctrine, which forecloses Plaintiffs from bringing state-law claims in this Court to challenge the validity of the determinations made by those State Regulators that Poland Spring Water is spring water meeting the FDA Identity Standard.

2. Implied Preemption by the FDCA:  Plaintiffs' state-law claims do not allege that NWNA violated an independent state-law spring water identity standard, but rather allege that NWNA violated various state consumer protection laws because Poland Spring Water allegedly violates the FDA Identity Standard.  As such, Plaintiffs' claims seek to privately enforce the FDA Identity Standard, which this Court has held violates the federal Food, Drug and Cosmetic Act's ("FDCA") statutory prohibition against private plaintiffs enforcing the FDCA.

3. Express Preemption by the FDCA:  The FDCA expressly preempts Plaintiffs' state-law claims because they seek to impose requirements that are not identical to the requirements of the FDA Identity Standard.

---

[1] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

4. <u>Conflict Preemption</u>:  Plaintiffs' state-law claims are conflict-preempted by the FDCA and the FDA Identity Standard, as the claims disrupt the federal scheme under the FDCA, whereby Congress intended exclusive enforcement of the FDCA and the FDA Identity Standard by government officials, not private plaintiffs.

5. <u>Safe Harbor Exemption</u>:  Plaintiffs' state-law statutory claims, alleging consumer protection violations and unfair and deceptive trade practices, are subject to dismissal as a matter of law because they are barred by each state's safe harbor exemption from state-law liability, as NWNA's sale of Poland Spring Water was specifically regulated and permitted by State Regulators in each state as complying with the FDA Spring Water Identity Standard.

6. <u>No Fraud</u>:  Plaintiffs have failed to plausibly state a claim of common law fraud because State Regulators' determinations of Poland Spring Water's compliance with the FDA Identity Standard means that there was nothing deceptive about the labeling of Poland Spring Water as spring water.

7. <u>No Breach of Contract</u>:  Plaintiffs have failed to plausibly state a claim for breach of contract because State Regulators' determinations of Poland Spring Water's compliance with the FDA Identity Standard means that Poland Spring Water is spring water and that, therefore, Plaintiffs have received the benefit of their bargains.

Accordingly, the Complaint should be dismissed with prejudice in its entirety.

Alternatively, this Court should dismiss this action in deference to the primary jurisdiction of the FDA to exercise its expertise and authority to determine in the first instance whether Poland Spring Water meets the FDA Identity Standard.

WHEREFORE, for the foregoing reasons, as set forth more fully in the accompanying memorandum of law, the supporting Declaration of Kevin Mathews previously filed with this

Court on October 6, 2017 (Dkt. 53-3 and 53-4), and the accompanying Declaration of Kevin Mathews, dated July 30, 2018 (executed July 25, 2018), Defendant NWNA respectfully requests that the Amended Complaint in this consolidated action be dismissed in its entirety with prejudice.

        Respectfully submitted,
        DEFENDANT,
        NESTLÉ WATERS NORTH AMERICA INC.

        By: */s/ Jonathan B. Tropp*
            Jonathan B. Tropp (ct11295)
            Day Pitney LLP
            One Canterbury Green
            Stamford, CT 06901
            Telephone: (203) 977-7337
            Fax: (203) 901-1733
            jbtropp@daypitney.com

            Jeffrey M. Garrod (admitted phv)
            Craig A. Ollenschleger (admitted phv)
            ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.
            101 Eisenhower Parkway, Suite 400
            Roseland, NJ 07068-1097
            Telephone: (973) 622-6200
            Fax: (973) 622-3073
            jmg@olss.com
            co@olss.com

            Thomas B. Mayhew (admitted phv)
            Farella, Braun & Martel LLP
            235 Montgomery St., 30th Flr
            San Francisco, CA 94104
            Tel.: (415) 954-4400
            Fax: (415) 954-4480
            tmayhew@fbm.com

        Its Attorneys