# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK J. PATANE, JULIE HARDING, HEATHER HARRIGAN, STEPHEN S. SHAPIRO, CATHERINE PORTER, ERICA RUSSELL, TINA MORETTI, BRIDGET KOPET, JENNIFER S. COLE, BENJAMIN A. FLETCHER, and DIANE BOGDAN, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : : : | CIVIL ACTION NO. 17-cv-01381(JAM) |
| Plaintiffs, | : : | ALL CASES |
| v. | : : | |
| NESTLE WATERS NORTH AMERICA, INC., | : : : | |
| Defendant. | : | May 13, 2019 |

## DEFENDANT'S ANSWER AND SEPARATE DEFENSES

Defendant Nestlé Waters North America Inc. ("Defendant"), by way of Answer to the Corrected Consolidated Class Action Complaint ("Complaint") filed by Plaintiffs Mark J. Patane, Julie Harding, Heather Harrigan, Stephen Shapiro, Catherina Porter, Erica Russell, Tina Moretti, Bridget Kopet, Jennifer S. Cole, Benjamin A. Fletcher, and Diane Bodgan (collectively "Plaintiffs"), responds as follows:

## Answer To Plaintiffs' Allegations

1.      This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 1 are denied.

2.      Defendant denies the allegations of paragraph 2.

3.      Defendant denies the allegations of paragraph 3.

4.      Defendant denies the allegations of paragraph 4.

5.      This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 5 are denied.

6.      Defendant denies the allegations of paragraph 6.

7.      Defendant denies the allegations of paragraph 7.

8.      This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 8 are denied.

9.      This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 9 are denied.

10.     Defendant denies the allegations of paragraph 10.

11.     Defendant denies the allegations of paragraph 11.

12.     Defendant denies the allegations of paragraph 12.

13.     Defendant denies the allegations of paragraph 13.

14.     Defendant admits that Poland Spring had sales between $300 and $900 million annually during the period of 2005-2016.  Except as expressly admitted, the allegations of paragraph 14 are denied.

15.     Defendant denies the allegations of paragraph 15.

16.     Defendant denies the allegations of paragraph 16.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant denies the allegations of paragraph 19.

20.     Admitted that Poland Spring sells spring water through retail channels including supermarkets, food stores, retail stores, and vending machines, as well as direct sales to consumers through home and office delivery, in a variety of sizes.  Except as expressly admitted, the allegations of paragraph 20 are denied.

21.     Defendant denies the allegations of paragraph 21.

22.     Defendant denies the allegations of paragraph 22.

23.     Defendant denies the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.     Defendant denies the allegations of paragraph 25.

26.     Defendant denies the allegations of paragraph 26.

27.     Defendant denies the allegations of paragraph 27.

28.     Defendant denies the allegations of paragraph 28.

29.     Defendant denies the allegations of paragraph 29.

30.     Defendant denies the allegations of paragraph 30.

31.     Defendant denies the allegations of paragraph 31.

3

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

35.     Defendant lacks sufficient information to conclusively admit the allegations of paragraph 35, and on that basis denies the allegations.

36.     Admitted that Defendant Nestle Waters is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 900 Long Ridge Road, Building 2, Stamford, Connecticut.  Except as expressly admitted, the allegations of paragraph 36 are denied.

37.     Admitted that Nestle Waters produces and sells a number of different products, including sparkling bottled water and bottled spring water.  Except as expressly admitted, the allegations of paragraph 37 are denied.

38.     Defendant admits the allegations of paragraph 38.

39.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 39 are denied.

40.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 40 are denied.

41.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 41 are denied.

42.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 42 are denied.

43.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 43 are denied.

44.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 44 are denied.

45.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 45 are denied.

46.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 46 are denied.

47.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 47 are denied.

48.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 48 are denied.

49.    Defendant admits the allegations of paragraph 49.

50. Admitted that a 1992 report contains the quoted language. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, except as expressly admitted, the allegations of paragraph 50 are denied.

51. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 51 are denied.

52. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 52 are denied.

53. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 53 are denied.

54. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 54 are denied.

55. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 55 are denied.

56. This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 56 are denied.

57.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 57 are denied.

58.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 58 are denied.

59.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 59 are denied.

60.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 60 are denied.

61.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 61 are denied.

62.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 62 are denied.

63.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 63 are denied.

64.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 64 are denied.

65.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 65 are denied.

66.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 66 are denied.

67.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 67 are denied.

68.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 68 are denied.

69.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 69 are denied.

70.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 70 are denied.

71.    Defendant denies the allegations of paragraph 71.

72.    Defendant denies the allegations of paragraph 72.

73.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 73 are denied.

74.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 74 are denied.

75.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 75 are denied.

76.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 76 are denied.

77.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 77 are denied.

78.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 78 are denied.

79.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 79 are denied.

80.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 80 are denied.

81.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 81 are denied.

82.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 82 are denied.

83.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 83 are denied.

84.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 84 are denied.

85.     Defendant lacks sufficient information about Plaintiff's purported investigation to conclusively admit the allegations of paragraph 85, and on that basis denies the allegations.

86.     Defendant denies the allegations of paragraph 86.

87.     Defendant denies the allegations of paragraph 87.

88.     Admitted that Defendant has agreements with the State of Maine concerning three spring water production boreholes on state-owned land near the Poland Spring bottling plant, and that it has made substantial payments under those agreements.  Except as expressly admitted, the allegations of paragraph 88 are denied.

89.     Admitted that the Maine Drinking Water Program enforces spring water regulations.  Admitted that Tom Brennan has been a member of the Drinking Water Commission, though this is since 2002, predating his employment with Nestle Waters, rather than 2003 as alleged.  Except as expressly admitted, the allegations of paragraph 89 are denied.

90.     Admitted that Maine Drinking Water Program reviewed and approved many spring water permit applications during the period of 1999 - 2013.  Admitted that Andrew Tolman mentored Tom Brennan while Brennan was in college studying hydrogeology and working on his thesis, and that the two were co-workers for a period of time.  Except as expressly admitted, the allegations of paragraph 90 are denied.

91.     Defendant denies the allegations of paragraph 91.

92.     Defendant denies the allegations of paragraph 92.

93.     Defendant denies the allegations of paragraph 93.

94.     Defendant denies the allegations of paragraph 94.

95.     Defendant denies the allegations of paragraph 95.

96.     Defendant denies the allegations of paragraph 96.

97.     Defendant denies the allegations of paragraph 97.

98.     Defendant denies the allegations of paragraph 98.

99.     Admitted that the Maine Drinking Water Program has issued and renewed spring water permits to Nestle Waters.  Except as expressly admitted, the allegations of this paragraph are denied.

100.    Defendant denies the allegations of paragraph 100.

101.    Defendant denies the allegations of paragraph 101.

102.    Defendant denies the allegations of paragraph 102.

103.    Admitted that the images in this paragraph appear to be of labels used by the company at certain times during the alleged class period.  Except as expressly admitted, the allegations of paragraph 103 are denied.

104.    Defendant denies the allegations of paragraph 104.

105.    Defendant denies the allegations of paragraph 105.

106.    Defendant denies the allegations of paragraph 106.

107.    Defendant denies the allegations of paragraph 107.

108.    Defendant denies the allegations of paragraph 108.

109.    Defendant denies the allegations of paragraph 109.

110.    Defendant denies the allegations of paragraph 110.

111.    Defendant denies the allegations of paragraph 111.

112.    Defendant denies the allegations of paragraph 112.

113.    Defendant denies the allegations of paragraph 113.

114.    Defendant denies the allegations of paragraph 114.

115.    Defendant denies the allegations of paragraph 115.

116.    Defendant denies the allegations of paragraph 116.

117.    Defendant denies the allegations of paragraph 117.

118.    Defendant denies the allegations of paragraph 118.

119.    Defendant denies the allegations of paragraph 119.

120.    Defendant denies the allegations of paragraph 120.

121.    Defendant denies the allegations of paragraph 121.

122.    Defendant denies the allegations of paragraph 122.

123.    Defendant denies the allegations of paragraph 123.

124.    Defendant denies the allegations of paragraph 124.

125.    Defendant denies the allegations of paragraph 125.

126.    Defendant denies the allegations of paragraph 126.

127.    Defendant denies the allegations of paragraph 127.

128.    Defendant denies the allegations of paragraph 128.

129.    Defendant denies the allegations of paragraph 129.

130.    Defendant denies the allegations of paragraph 130.

131.    Defendant denies the allegations of paragraph 131.

132.    Defendant denies the allegations of paragraph 132.

133.    Defendant denies the allegations of paragraph 133.

134.    Defendant denies the allegations of paragraph 134.

135.    Defendant denies the allegations of paragraph 135.

136.    Defendant admits  the allegations of paragraph 136.

137.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 137 are denied.

138.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 138 are denied.

139.    Defendant lacks information sufficient to conclusively admit what the photos "show," and on that basis denies the allegations of paragraph 139.

140.    Admitted that Nestle Waters' spring water production boreholes in Maine are in sand and gravel aquifers, with a sanitary seal of grout as a part of the borehole construction, and

groundwater is drawn in through screens at or near the bottoms of the boreholes.  Except as expressly admitted, Defendant denies the allegations of paragraph 140.

141.    Defendant denies the allegations of paragraph 141.

142.    Defendant denies the allegations of paragraph 142.

143.    Defendant denies the allegations of paragraph 143.

144.    Defendant denies the allegations of paragraph 144.

145.    Defendant denies the allegations of paragraph 145.

146.    Defendant denies the allegations of paragraph 146.

147.    Defendant denies the allegations of paragraph 147.

148.    Defendant denies the allegations of paragraph 148.

149.    Defendant admits the allegations of paragraph 149.

150.    Defendant lacks sufficient information to conclusively admit the number of web pages and publications that can be ordered from the Maine Geological Survey.  Defendant otherwise admits the allegations of paragraph 150.

151.    Defendant admits that one project of the Survey is to map groundwater supplies or aquifers, and that the Survey does refer to overburden aquifers and fractured bedrock aquifers. Except as expressly admitted, the allegations of paragraph 151 are denied.

152.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 152 are denied.

153.    Defendant denies the allegations of paragraph 153.

154.    Defendant denies the allegations of paragraph 154.

155.     Admitted that the Maine Geological Survey maps are color coded, and have an index that describes the significance of the colors used.  Except as expressly admitted, the allegations of paragraph 155 are denied.

156.     Defendant denies the allegations of paragraph 156.

157.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 157 are denied.

158.     Defendant denies the allegations of paragraph 158.

159.     Defendant denies the allegations of paragraph 159.

160.     Defendant denies the allegations of paragraph 160.

161.     Defendant denies the allegations of paragraph 161.

162.     Defendant denies the allegations of paragraph 162.

163.     Defendant denies the allegations of paragraph 163.

164.     Defendant denies the allegations of paragraph 164.

165.     Defendant denies the allegations of paragraph 165.

166.     Defendant denies the allegations of paragraph 166.

167.     Defendant lacks sufficient information to conclusively admit the historical facts alleged in paragraph 167, and Plaintiffs are left to their proofs thereof.

168.     Defendant lacks sufficient information to conclusively admit the historical facts alleged in paragraph 168, and Plaintiffs are left to their proofs thereof.

169.     The allegations of this paragraph are denied.

170.     Admitted that Defendant's boreholes in Poland Spring tap a sand and gravel aquifer, not a bedrock aquifer.  Except as expressly admitted, the allegations of paragraph 170 are denied.

171.     Defendant denies the allegations of paragraph 171.

172.     Defendant lacks sufficient information concerning what Androscoggin County property records reflect concerning the ownership of the Ricker family at a date in the past, and therefore denies the allegations of paragraph 172.

173.     Defendant admits the allegations of paragraph 173.

174.     Defendant lacks sufficient information concerning what Androscoggin County property records reflect concerning the ownership of the Ricker family at dates in the past, and therefore denies the allegations of paragraph 174.

175.     Defendant denies the allegations of paragraph 175.

176.     Defendant denies the allegations of paragraph 176.

177.     Defendant denies the allegations of paragraph 177.

178.     Defendant denies the allegations of paragraph 178.

179.     Defendant denies the allegations of paragraph 179.

180.     Defendant denies the allegations of paragraph 180.

181.     Defendant denies the allegations of paragraph 181.

182.     Defendant denies the allegations of paragraph 182.

183.     Admitted that the photo shows the location of PB # 8, that PB # 8 was during certain time periods used to supply spring water to the resort on Ricker Hill.  Except as expressly admitted, the allegations of paragraph 183 are denied.

184.     Defendant denies the allegations of paragraph 184.

185.     Admitted that the location of the boreholes referred to as PB # 1-5 are within the location in the photograph, and that the boreholes are numbered as indicated.  Defendant lacks information to conclusively admit the exact distances from Lower Range Pond or the kettle pond

16

to the southeast of replacement borehole 5.  Except as expressly admitted, the allegations of paragraph 185 are denied.

186.    Defendant denies the allegations of paragraph 186.

187.    Admitted that Nestle Waters uses three boreholes referred to by the numbers 9, 10, and 11 that are on land owned by the State of Maine.  Except as expressly admitted, the allegations of paragraph 187 are denied.

188.    Defendant denies the allegations of paragraph 188.

189.    Defendant denies the allegations of paragraph 189.

190.    Admitted that Defendant states that it no longer uses the historic Poland Spring as a source for its bottled water.  Except as expressly admitted, the allegations of paragraph 190 are denied.

191.    Defendant denies the allegations of paragraph 191.

192.    Admitted that Perrier Group of America engaged J.K. Richard.  The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 192 are denied.

193.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 193 are denied.

194.    Defendant lacks information sufficient to conclusively admit the allegations of this paragraph, and on that basis the allegations of paragraph 194 are denied.

195.    Defendant denies the allegations of paragraph 195.

196.    Defendant denies the allegations of paragraph 196.

197.    Defendant denies the allegations of paragraph 197. .

198.    Admitted that Perrier Group of America was a client of the Pierce Atwood firm, and that Pierce Atwood assisted the company with a Bulk Transport Permit. The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 198 are denied.

199.    Defendant denies the allegations of paragraph 199.

200.    Defendant denies the allegations of paragraph 200.

201.    Admitted that the State of Maine approved the permit. The referenced documents speak for themselves as to their contents. Except as expressly admitted, the allegations of paragraph 201 are denied.

202.    Admitted that the plant located at the Poland Spring site expanded in size, and that Mr. Richard was a consultant with the Wind River Group. The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 202 are denied.

203.    Defendant denies the allegations of paragraph 203.

204.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 204 are denied.

205.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 205 are denied.

206.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 206 are denied.

207.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 207 are denied.

208.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 208 are denied.

209.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 209 are denied.

210.   Admitted that the presence of springs can delay the onset of ice near where the springs flow to the surface.  The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 210 are denied.

211.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 211 are denied.

212.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 212 are denied.

213.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 213 are denied.

214.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 214 are denied.

215.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 215 are denied.

216.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 216 are denied.

217.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 217 are denied.

218.   Defendant denies the allegations of paragraph 218.

219.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 219 are denied.

220.    Defendant lacks sufficient information to conclusively admit the timing of when Mr. Drake wrote a letter, or what he enclosed with the letter, and on that basis denies those allegations.  All other allegations of paragraph 220 are denied.

221.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 221 are denied.

222.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 222 are denied.

223.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 223 are denied.

224.    Admitted that Georgia regulators filed suit against Poland Spring Corporation in Georgia state court seeking injunctive relief.  Except as expressly admitted, the allegations of paragraph 224 are denied.

225.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 225 are denied.

226.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 226 are denied.

227.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 227 are denied.

228.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 228 are denied.

229.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 229 are denied.

230.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 230 are denied.

231.    The first sentence of paragraph 231 is denied.  The second sentence of paragraph 231 is admitted.

232.    Defendant denies the allegations of paragraph 232.

233.    Defendant denies the allegations of paragraph 233.

234.    Defendant denies the allegations of paragraph 234.

235.    Defendant denies the allegations of paragraph 235.

236.    Defendant denies the allegations of paragraph 236.

237.    Admitted that PELA used piezometers as one way of documenting spring conditions.  Except as expressly admitted, the allegations of paragraph 237 are denied.

238.    Admitted that PELA used seepage meters, which can measure discharge rates and volume of seepage from a lake bottom.  The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 238 are denied.

239.    Defendant denies the allegations of paragraph 239.

240.    Defendant denies the allegations of paragraph 240.

241.    Defendant denies the allegations of paragraph 241.

242.    Admitted that PELA photographed ice, and that it had six geologists scuba-dive and report on their observations as a method of documenting spring occurrence.  Except as expressly admitted, the allegations of paragraph 242 are denied.

243.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 243 are denied.

244.    Admitted that Defendant abandoned boreholes 6 and 7, and that three boreholes were drilled which PELA referred to as PW-1-92, PW-2-92, and PW-3-92.  The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 244 are denied.

245.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 245 are denied.

246.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 246 are denied.

247.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 247 are denied.

248.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 248 are denied.

249.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 249 are denied.

250.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 250 are denied.

251.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 251 are denied.

252.    Defendant denies the allegations of paragraph 252.

253.    Defendant denies the allegations of paragraph 253.

254.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 254 are denied.

255.    Admitted that Georgia, after reviewing the PELA report, agreed that water from the site was properly called "spring water."  Except as expressly admitted, the allegations of paragraph 255 are denied.

256.    Defendant denies the allegations of paragraph 256.

257.    Admitted that in 1995 Defendant applied to the Maine Drinking Water Program for approval to replace borehole 5, and submitted a report from Atlantic Geoscience Corporation. Except as expressly admitted, the allegations of paragraph 257 are denied.

258.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 258 are denied.

259.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 259 are denied.

260.    Admitted that in September 1997, Defendant applied for a permit for PB # 2, and submitted a report from Atlantic Geoscience.  Except as expressly admitted, Defendant lacks sufficient information to conclusively admit, and therefore denies the other allegations of paragraph 260.

261.    Admitted that the Maine Drinking Water Program approved PB # 2 as a source of "spring water."  Except as expressly admitted, the allegations of paragraph 261 are denied.

262.    Admitted that Defendant applied, and the Maine Drinking Water Program approved, PB # 3 as a source of "spring water."  Except as expressly admitted, the allegations of paragraph 262 are denied.

263.     Admitted that reports were submitted to regulators in New York, Maryland, and California.  The documents referenced speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 263 are denied.

264.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 264 are denied.

265.     Defendant denies the allegations of paragraph 265.

266.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 266 are denied.

267.     Defendant denies the allegations of paragraph 267.

268.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 268 are denied.

269.     Defendant denies the allegations of paragraph 269.

270.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 270 are denied.

271.     Defendant denies the allegations of paragraph 271.

272.     Defendant denies the allegations of paragraph 272.

273.     Defendant denies the allegations of paragraph 273.

274.     Defendant denies the allegations of paragraph 274.

275.     Defendant denies the allegations of paragraph 275.

276.     Defendant denies the allegations of paragraph 276.

277.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 277 are denied.

278.     Defendant denies the allegations of paragraph 278.

279.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 279 are denied.

280.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 280 are denied.

281.    Defendant denies the allegations of paragraph 281.

282.    Defendant denies the allegations of paragraph 282.

283.    Defendant denies the allegations of paragraph 283.

284.    Defendant admits the allegations of paragraph 284.

285.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 285 are denied.

286.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 286 are denied.

287.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 287 are denied.

288.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 288 are denied.

289.    Defendant denies the allegations of paragraph 289.

290.    Admitted that Defendant paid Maine for volumes of water obtained from boreholes 9 and 10, and after its installation, borehole 11.  Except as expressly admitted, the allegations of paragraph 290 are denied.

291.    Defendant denies the allegations of paragraph 291.

292.    With the exception of the word "Nevertheless," the allegations of paragraph 292 are admitted.

293.    The document referenced speaks for itself as to its contents.  Admitted that the Maine Drinking Water Program stated that the water collected by PB # 9 and PB # 10 is in fact spring water.  Except as expressly admitted, the allegations of paragraph 293 are denied.

294.    Defendant denies the allegations of paragraph 294.

295.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 295 are denied.

296.    Admitted that Defendant provided lab reports showing the water chemistry of PB # 9 and PB # 10 to state regulators.  Except as expressly admitted, the allegations of paragraph 296 are denied.

297.    Defendant denies the allegations of paragraph 297.

298.    Defendant denies the allegations of paragraph 298.

299.    Defendant denies the allegations of paragraph 299.

300.    Admitted, except that the date of Mark Dubois' employment was in 2004, and not in 2003.

301.    Defendant denies the allegations of paragraph 301.

302.    Admitted that the Maine Drinking Water Program found that PB # 1 intercepts "spring water" and that there are subaqueous springs in Lower Range Pond.  Except as expressly admitted, the allegations of paragraph 302 are denied.

303.    Admitted that Defendant applied to replace PB # 4, and submitted an Atlantic Geoscience report in support of the application.  Except as expressly admitted, the allegations of paragraph 303 are denied.

304.    Defendant denies the allegations of paragraph 304.

305.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 305 are denied.

306.    Defendant admits the allegations of paragraph 306.

307.    Defendant admits the allegations of paragraph 307.

308.    Defendant denies the allegations of paragraph 308.

309.    Defendant denies the allegations of paragraph 309.

310.    Except the word "nonetheless," Defendant admits the allegations of paragraph 310.

311.    Defendant denies the allegations of paragraph 311.

312.    Admitted that Plaintiffs took water samples in December 2017.  Except as expressly admitted, the allegations of paragraph 312 are denied.

313.    Defendant is without sufficient information to conclusively admit what Plaintiffs may have detected with sonar imagery at Lower Range Pond, and on that basis denies those allegations.  The other allegations of paragraph 313 are denied.

314.    Defendant is without sufficient information to conclusively admit what the photograph shows, and on that basis denies the allegations of paragraph 314.

315.    Defendant is without sufficient information to conclusively admit what the photograph shows, and on that basis denies the allegations of paragraph 315.

316.    Defendant denies the allegations of paragraph 316.

317.    The Atlantic Geoscience report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 317 are denied.

318.    The FDA's August 2012 letter speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 318 are denied.

319.    Defendant denies the allegations of paragraph 319.

320.    Defendant denies the allegations of paragraph 320.

321.    Defendant denies the allegations of paragraph 321.

322.    Defendant denies the allegations of paragraph 322.

323.    Defendant denies the allegations of paragraph 323.

324.    Defendant denies the allegations of paragraph 324.

325.    Admitted that Hollis Township is in York County, and that Defendant owns boreholes and a bottling plant in North Hollis.  Except as expressly admitted, the allegations of paragraph 325 are denied.

326.    Admitted that Defendant owns land in the area that includes its boreholes and bottling plant, and that a portion of the property was once used for potato farming.  Except as expressly admitted, the allegations of paragraph 326 are denied.

327.    Admitted that Defendant has five spring water production boreholes, referred to by number sometimes with the abbreviation "PB" (for "production borehole") or "BH" (for "borehole"), and that they are connected to the bottling plant by a pipeline.  Except as expressly admitted, the allegations of paragraph 327 are denied.

328.    Admitted that Defendant built utility wells, including one labeled "UW-5" in certain documents.  The contents of public permit documents speak for themselves.  Admitted that Defendant has a borehole referred to as "borehole 6" or "BH-6" on land near the Hollis plant.  Admitted that UW-5 is licensed as a "spring water" source by the Maine Drinking Water Program.  Except as expressly admitted, the allegations of paragraph 328 are denied.

329.    Admitted that there is an access road used for the first five boreholes, and that there is land adjacent to Defendant's that is owned by the Shy Beaver Hatchery.  Defendant lacks sufficient information to conclusively admit the other allegations of paragraph 329, and on that basis denies them.

330.    Admitted that there is a dirt road providing access to the boreholes.  Except as expressly admitted, the allegations of paragraph 330 are denied.

331.    Defendant denies the allegations of paragraph 331.

332.    Defendant denies the allegations of paragraph 332.

333.    Defendant denies the allegations of paragraph 333.

334.    Defendant denies the allegations of paragraph 334.

335.    Defendant denies the allegations of paragraph 335.

336.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 336, and on that basis denies them.

337.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 337, and on that basis denies them.

338.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 338, and on that basis denies them.

339.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 339, and on that basis denies them.

340.    Defendant lacks information sufficient to conclusively admit the allegations of this paragraph, and on that basis denies them.  Defendant denies the hydrogeologic argument contained in the final sentence of paragraph 340.

341.    Defendant denies the allegations of paragraph 341.

342.    Defendant denies the allegations of paragraph 342.

343.    Defendant denies the allegations of paragraph 343.

344.    Defendant denies the allegations of paragraph 344.

345.    Defendant denies the allegations of paragraph 345.

346.    Defendant denies the allegations of paragraph 346.

347.    Defendant denies the allegations of paragraph 347.

348.    Defendant denies the allegations of paragraph 348.

349.    Defendant denies the allegations of paragraph 349.

350.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 350, and on that basis denies them.

351.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 351, and on that basis denies them.

352.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 352, and on that basis denies them.

353.    Defendant lacks information sufficient to conclusively admit the allegations of paragraph 353, and on that basis denies them.

354.    Defendant denies the allegations of paragraph 354.

355.    Defendant denies the allegations of paragraph 355.

356.    Defendant denies the allegations of paragraph 356.

357.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 357 are denied.

358.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 358 are denied.

359.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 359 are denied.

360.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 360 are denied.

361.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 361 are denied.

362.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 362 are denied.

363.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 363 are denied.

364.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 364 are denied.

365.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 365 are denied.

366.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 366 are denied.

367.    Defendant denies the allegations of paragraph 367.

368.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 368 are denied.

369.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 369 are denied.

370.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 370 are denied.

371.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 371 are denied.

372.   Defendant denies the allegations of paragraph 372.

373.   Defendant denies the allegations of paragraph 373.

374.   Defendant denies the allegations of paragraph 374.

375.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 375 are denied.

376.   Defendant denies the allegations of paragraph 376.

377.   Defendant denies the allegations of paragraph 377.

378.   Defendant denies the allegations of paragraph 378.

379.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 379 are denied.

380.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 380 are denied.

381.   The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 381 are denied.

382.   Defendant denies the allegations of paragraph 382.

383.   Defendant denies the allegations of paragraph 383.

384.   Defendant denies the allegations of paragraph 384.

385.   Defendant denies the allegations of paragraph 385.

386.   Defendant denies the allegations of paragraph 386.

387.   Defendant denies the allegations of paragraph 387.

388.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 388 are denied.

389.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 389 are denied.

390.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 390 are denied.

391.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 391 are denied.

392.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 392 are denied.

393.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 393 are denied.

394.    Admitted that the Maine Drinking Water Program approved the  sources BH-1 and BH-3 as "spring water."  The approval documents speak for themselves as to their contents. Except as expressly admitted, the allegations of paragraph 394 are denied.

395.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 395 are denied.

396.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 396 are denied.

397.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 397 are denied.

398.    Defendant denies the allegations of paragraph 398.

399.    Defendant denies the allegations of paragraph 399.

400.    Admitted that the Maine Drinking Water Program approved the sources BH-2 and BH-4 as "spring water." Except as expressly admitted, the allegations of paragraph 400 are denied.

401.    Admitted that in May 2002 an application was submitted concerning borehole # 5 at the Hollis/Clear Spring site, and that Woodard & Curran prepared a Final Installation Report for the borehole. Except as expressly admitted, the allegations of paragraph 401 are denied.

402.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 402 are denied.

403.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 403 are denied.

404.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 404 are denied.

405.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 405 are denied.

406.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 406 are denied.

407.    Defendant denies the allegations of paragraph 407.

408.    Defendant denies the allegations of paragraph 408.

409.    The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 409 are denied.

410.    Defendant denies the allegations of paragraph 410.

411.    Defendant denies the allegations of paragraph 411.

412.    Admitted that the Maine Drinking Water Program approved the source BH-5 at Hollis/Clear Spring as "spring water."  Except as expressly admitted, the allegations of paragraph 412 are denied.

413.    Admitted that an application was filed concerning utility well # 5.  Except as expressly admitted, the allegations of paragraph 413 are denied.

414.    Defendant denies the allegations of paragraph 414.

415.    Defendant denies the allegations of paragraph 415.

416.    Defendant denies the allegations of paragraph 416.

417.    Defendant denies the allegations of paragraph 417.

418.    Defendant denies the allegations of paragraph 418.

419.    Defendant denies the allegations of paragraph 419.

420.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 420 are denied.

421.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 421 are denied.

422.    Admitted that Defendant used UW-5 as a source of water for Nestle Pure Life purified bottled water products, and for some period of time, flavored bottled water products. Except as expressly admitted, the allegations of paragraph 422 are denied.

423.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 423 are denied.

424.    Defendant denies the allegations of paragraph 424.

425.    Defendant denies the allegations of paragraph 425.

426.    Defendant denies the allegations of paragraph 426.

427. The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 427 are denied.

428. Defendant denies the allegations of paragraph 428.

429. Defendant denies the allegations of paragraph 429.

430. Defendant denies the allegations of paragraph 430.

431. The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 431 are denied.

432. Defendant denies the allegations of paragraph 432.

433. Defendant denies the allegations of paragraph 433.

434. Defendant denies the allegations of paragraph 434.

435. Defendant denies the allegations of paragraph 435.

436. Defendant denies the allegations of paragraph 436.

437. The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 437 are denied.

438. The document referenced speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 438 are denied.

439. Admitted that the Maine Drinking Water Program approved the source as "spring water." The approval document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 439 are denied.

440. Defendant denies the allegations of paragraph 440.

441. Defendant admits the allegations of paragraph 441.

442. Defendant denies the allegations of paragraph 442.

443.    Admitted that the Maine Drinking Water Program approved borehole # 6 as "spring water."  Except as expressly admitted, the allegations of paragraph 443 are denied.

444.    Admitted that there is a gate on the access road leading to Defendant's Wales Pond Wells, and signage at various points in the area.  Except as expressly admitted, the allegations of paragraph 444 are denied.

445.    Defendant denies the allegations of paragraph 445.

446.    Defendant denies the allegations of paragraph 446.

447.    Defendant denies the allegations of paragraph 447.

448.    Defendant denies the allegations of paragraph 448.

449.    Defendant denies the allegations of paragraph 449.

450.    Defendant denies the allegations of paragraph 450.

451.    Admitted that Defendant owns land at Garden Spring, and that this ownership interest is a matter of public record.  Except as expressly admitted, the allegations of paragraph 451 are denied.

452.    Admitted that Defendant owns land at Garden Spring, and that this ownership interest is a matter of public record.  Except as expressly admitted, the allegations of paragraph 452 are denied.

453.    Defendant denies the allegations of paragraph 453.

454.    Admitted that there are the two spring water boreholes at Garden Spring.  The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 454 are denied.

455.    The allegations of paragraph 455 are denied.

456.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 456 are denied.

457.    Defendant denies the allegations of paragraph 457.

458.    Admitted that Maine Bottling Company was a prior owner of the site, and sold water as spring water under the Garden Spring Water brand name, based on approval of the State of Maine.  Except as expressly admitted, the allegations of paragraph 458 are denied.

459.    Admitted that Maine officials approved use of the site as a source for spring water bottling.  Except as expressly admitted, the allegations of paragraph 459 are denied.

460.    Admitted that the prior owner of the site applied for and received permission to build a small bottling plant, and that it referred to springs on the site.  Except as expressly admitted, the allegations of paragraph 460 are denied.

461.    Defendant is without sufficient information to conclusively admit the allegations of paragraph 461, and on that basis denies the allegations.

462.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 462 are denied.

463.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 463 are denied.

464.    Defendant lacks sufficient information to conclusively admit the allegations about conditions in March 1999.  Except as expressly admitted, the remaining allegations of paragraph 464 are denied.

465.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 465 are denied.

466.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 466 are denied.

467.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 467 are denied.

468.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 468 are denied.

469.    Defendant denies the allegations of paragraph 469.

470.    Defendant denies the allegations of paragraph 470.

471.    Defendant denies the allegations of paragraph 471.

472.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 472 are denied.

473.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 473 are denied.

474.    Defendant denies the allegations of paragraph 474.

475.    Defendant denies the allegations of paragraph 475.

476.    Defendant denies the allegations of paragraph 476.

477.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 477 are denied.

478.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 478 are denied.

479.    Defendant denies the allegations of paragraph 479.

480.    Defendant lacks sufficient information to conclusively admit what Maine Bottling Company claimed, and on that basis denies the allegations.  The remaining allegations of paragraph 480 are denied.

481.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 481 are denied.

482.    Admitted that Defendant described three springs with the designations "Spring A," "Spring B," and "Spring C."  Except as expressly admitted, the allegations of paragraph 482 are denied.

483.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 483 are denied.

484.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 484 are denied.

485.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 485 are denied.

486.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 486 are denied.

487.    The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 487 are denied.

488.    Defendant denies the allegations of paragraph 488.

489.    Defendant denies the allegations of paragraph 489.

490.    Defendant denies the allegations of paragraph 490.

491.    Defendant denies the allegations of paragraph 491.

492.     The document referenced speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 492 are denied.

493.     The approval document from the Maine Drinking Water Program speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 493 are denied.

494.     The approval document from the Maine Drinking Water Program speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 494 are denied.

495.     The approval documents from the State of Maine speaks for themselves as to their contents. Except as expressly admitted, the allegations of paragraph 495 are denied.

496.     Admitted that Atlantic Geoscience was requested to collect water quality samples for comparison in 1996.  Except as expressly admitted, the allegations of paragraph 496 are denied.

497.     Defendant denies the allegations of paragraph 497.

498.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 498 are denied.

499.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 499 are denied.

500.     Defendant denies the allegations of paragraph 500.

501.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 501 are denied.

502.     Admitted that the Garden Spring boreholes # 1 and # 2 are approved as "spring water" by the Maine Drinking Water Program.  The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 502 are denied.

503.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 503 are denied.

504.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 504 are denied.

505.    Defendant denies the allegations of paragraph 505.

506.    The referenced documents speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 506 are denied.

507.    Defendant denies the allegations of paragraph 507.

508.    Defendant denies the allegations of paragraph 508.

509.    Admitted that the Drinking Water Program renewed the permit.  Except as expressly admitted, the allegations of paragraph 509 are denied.

510.    Defendant denies the allegations of paragraph 510.

511.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 511 are denied.

512.    Defendant denies the allegations of paragraph 512.

513.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 513 are denied.

514.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 514 are denied.

515.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 515 are denied.

516.    Defendant denies the allegations of paragraph 516.

517.    Defendant denies the allegations of paragraph 517.

518.     Admitted that the Maine Drinking Water Program approved the Garden Spring source as "spring water."  Except as expressly admitted, the allegations of paragraph 518 are denied.

519.     Admitted that the Maine Drinking Water Program stated that it was appropriate to continue to designate water from the site as "spring water," and that the referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 519 are denied.

520.     Admitted that the Maine Drinking Water Program approved the site as "spring water."  Except as expressly admitted, the allegations of paragraph 520 are denied.

521.     Defendant denies the allegations of paragraph 521.

522.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 522 are denied.

523.     Defendant denies the allegations of paragraph 523.

524.     Admitted that annual monitoring reports were submitted by Sevee & Maher to the Drinking Water Program, and that the Maine Drinking Water Program continued to approve Garden Spring site as a spring water source.  Except as expressly admitted, the allegations of paragraph 524 are denied.

525.     Admitted that no "Gazebo" or "steel riser" were built.  The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 525 are denied.

526.     Defendant denies the allegations of paragraph 526.

527.     Defendant denies the allegations of paragraph 527.

528.     Defendant denies the allegations of paragraph 528.

529.    Defendant denies the allegations of paragraph 529.

530.    Admitted that the entrance to the property has a gate and fence, and that there is signage in certain areas.  Except as expressly admitted, the allegations of paragraph 530 are denied.

531.    Defendant lacks sufficient information concerning the gate on the Town of Mechanic's property, and about its purpose.  Defendant also lacks sufficient information concerning the ease of access to that property, or its signage.  Based on this lack of sufficient information to conclusively admit the allegations, the allegations of paragraph 531 are denied.

532.    Defendant denies the allegations of paragraph 532.

533.    Defendant denies the allegations of paragraph 533.

534.    Defendant denies the allegations of paragraph 534.

535.    Defendant denies the allegations of paragraph 535.

536.    Defendant denies the allegations of paragraph 536.

537.    Admitted that Fryeburg has an approximate population of 3,500 residents, located in Oxford County, Maine.  Except as expressly admitted, the allegations of paragraph 537 are denied.

538.    Admitted that there are hills in the area.  Except as expressly admitted, the allegations of paragraph 538 are denied.

539.    Admitted that Wards Brook has a dam, and that the water feature behind the dam is called Wards Pond.  Except as expressly admitted, the allegations of paragraph 539 are denied.

540.    The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 540 are denied.

541.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 541 are denied.

542.     Admitted that the Fryeburg Water Company has two boreholes at the site, one of which is used to supply municipal water needs.  The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 542 are denied.

543.     Defendant denies the allegations of paragraph 543.

544.     Defendant lacks sufficient information to conclusively admit the ownership structure of the Fryeburg Water Company in 1997.  Admitted that there are two boreholes, that one of them is used to supply water to town residents, and that the other borehole has been used exclusively as a water source for Defendant.  Except as expressly admitted, the allegations of paragraph 544 are denied.

545.     Admitted that Defendant has obtained water from the site under bulk water purchase contracts, and that the borehole is connected to a pumping station for loading water tankers that deliver spring water to bottling plants in Poland Spring, Hollis, and Framingham. Except as expressly admitted, the allegations of paragraph 545 are denied.

546.     Admitted that FWC # 2 continues to supply water to town residents, and that under the terms of the water supply contract, FWC # 1 can be connected to the town's water supply system in certain emergency circumstances, though this has never occurred.  The permits speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 546 are denied.

547.     Admitted that the labels for Poland Spring Water do not state that Evergreen Spring is a "municipal source."  It is not required by law for them to do so, contrary to the

allegations of this paragraph.  Except as expressly admitted, the allegations of paragraph 547 are denied.

548.    Defendant denies the allegations of paragraph 548.

549.    Defendant lacks sufficient information to conclusively admit the allegations of paragraph 549, and on that basis denies the allegations of paragraph 549.

550.    Admitted that Defendant bought Pure Mountain Springs and has a bulk water supply contract with Fryeburg Water Company.  Defendant lacks sufficient information to conclusively admit allegations concerning Fryeburg Water Company's reorganization or finances, and on that basis denies those allegations.  Except as expressly admitted, the allegations of paragraph 550 are denied.

551.    The contract and proceedings leading to the contract are a matter of public record and speak for themselves.  Except as expressly admitted, the allegations of paragraph 551 are denied.

552.    Admitted that the site is to the northeast of the dam on Wards Brook, and that access to the site is from Maine Route 113.  Except as expressly admitted, the allegations of paragraph 552 are denied.

553.    Defendant denies the allegations of paragraph 553.

554.    Defendant denies the allegations of paragraph 554.

555.    Defendant denies the allegations of paragraph 555.

556.    Defendant denies the allegations of paragraph 556.

557.    Defendant denies the allegations of paragraph 557.

558.    Defendant denies the allegations of paragraph 558.

559.    Defendant denies the allegations of paragraph 559.

560.     Defendant denies the allegations of paragraph 560.

561.     Defendant denies the allegations of paragraph 561.

562.     Defendant denies the allegations of paragraph 562.

563.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 563 are denied.

564.     The referenced document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 564 are denied.

565.     Defendant denies the allegations of paragraph 565.

566.     Defendant denies the allegations of paragraph 566.

567.     Defendant denies the allegations of paragraph 567.

568.     Defendant denies the allegations of paragraph 568.

569.     Admitted that the Maine Drinking Water Program certified that water collected from FWC # 1 is "spring water." The approval letter speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 569 are denied.

570.     The approval letter speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 570 are denied.

571.     The approval letter speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 571 are denied.

572.     Admitted that Defendant has sold millions of gallons of water from FWC # 1 as "spring water," and that these sales were based on the approvals of the Maine Drinking Water Program as well as approvals of other states, including New York, Massachusetts, Connecticut, New Jersey, Rhode Island, New Hampshire, Pennsylvania, and Vermont, all approving FWC # 1 as "spring water." Except as expressly admitted, the allegations of paragraph 572 are denied.

573.     Defendant lacks sufficient information to conclusively admit the allegations about what the Fryeburg Planning Board retained or commissioned Emery & Garrett Groundwater, Inc. to do, and on that basis denies the allegations of paragraph 573.

574.     Defendant denies the allegations of paragraph 574.

575.     Defendant denies the allegations of paragraph 575.

576.     Defendant denies the allegations of paragraph 576.

577.     Defendant denies the allegations of paragraph 577.

578.     Admitted that annual monitoring reports were submitted by Woodard & Curran, and by Nestle Waters.  Except as expressly admitted, the allegations of paragraph 578 are denied.

579.     Admitted that the Maine Drinking Water Program issued memoranda in 2007 and 2008 stating it continues to approve the source as "spring water."  The approval documents speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 579 are denied.

580.     Admitted that the property has a fence, and signage.  Except as expressly admitted, the allegations of paragraph 580 are denied.

581.     Defendant is without sufficient information to conclusively admit the allegations about security measures at other sites owned by Fryeburg Water Company, and on that basis denies the allegations of paragraph 581.

582.     Defendant admits it owns other property in the area that are reflected in Oxford County property records as a matter of public record, and has at times posted signs consistent with its ownership interest.  Except as expressly admitted, the allegations of paragraph 582 are denied.

583.     Defendant denies the allegations of paragraph 583.

584.    Defendant denies the allegations of paragraph 584.

585.    Admitted that Maine Department of Environmental Protection approved the remediation.  The approval document speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 585 are denied.

586.    Defendant denies the allegations of paragraph 586.

587.    Defendant denies the allegations of paragraph 587.

588.    Defendant denies the allegations of paragraph 588.

589.    Defendant denies the allegations of paragraph 589.

590.    Defendant denies the allegations of paragraph 590.

591.    Defendant denies the allegations of paragraph 591.

592.    Defendant admits that it has a spring source in Denmark, Maine.  Defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 592.

593.    Nestle Waters admits that it has acquired and owns land in Denmark.  Defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 593.

594.    Defendant admits that it has a pipeline between its boreholes and tanker loading station, used to transport water to bottling plants in Hollis and Poland Spring.  Except as expressly admitted, the allegations of paragraph 594 are denied.

595.    Defendant admits that it has a spring source in Denmark, Maine that uses two boreholes.  Defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 595.

596.     Defendant lacks sufficient information to conclusively confirm the geographic information alleged, and on that basis denies the allegations of paragraph 596.

597.     Defendant admits that there is a gate and signage located at the property, including signage that identifies its ownership interest in the property.  Except as expressly admitted, the allegations of paragraph 597 are denied.

598.     Defendant admits there is a Maine Geological Survey map, which document speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 598 are denied.

599.     Defendant denies the allegations of paragraph 599.

600.     Defendant lacks sufficient information to conclusively admit that the "only" historical mention found through unspecified internet searches is the one referred to here, and on that basis denies the allegations of paragraph 600.

601.     Defendant admits that there is a spring called "Cold Spring," and that there is historical evidence of it, including the name of the road.  Except as expressly admitted, the allegations of paragraph 601 are denied.

602.     Defendant denies the allegations of paragraph 602.

603.     Defendant denies the allegations of paragraph 603.

604.     Defendant denies the allegations of paragraph 604.

605.     Defendant denies the allegations of paragraph 605.

606.     Defendant denies the allegations of paragraph 606.

607.     Admitted that Woodard & Curran's 2005 Baseline Biomonitoring Results report included a Wetland Classification analysis prepared by Woodlot Alternatives, Inc., which speaks

for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 607 are denied.

608.    Admitted that Woodard & Curran's 2005 Baseline Biomonitoring Results report included a Wetland Classification analysis prepared by Woodlot Alternatives, Inc., which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 608 are denied.

609.    Admitted that Woodard & Curran authored a 2005 Baseline Biomonitoring Results report, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 609 are denied.

610.    Admitted that Woodard & Curran's 2005 Baseline Biomonitoring Results report included a Wetland Classification analysis prepared by Woodlot Alternatives, Inc., which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 610 are denied.

611.    Admitted that Woodard & Curran's reports contain reference to spring points. Except as expressly admitted, the allegations of paragraph 611 are denied.

612.    Defendant denies the allegations of paragraph 612.

613.    Defendant denies the allegations of paragraph 613.

614.    Admitted that Woodard & Curran authored a Hydrogeologic Report, which speaks for itself as to its contents.  The allegations of paragraph 614 are denied.

615.    Admitted that the manometer can be used for taking water samples.  Except as expressly admitted, the allegations of paragraph 615 are denied.

616.    Admitted that Woodard & Curran authored a Hydrogeologic Report, which speaks for itself as to its contents.  The allegations of paragraph 616 are denied.

617.    Admitted that Woodard & Curran authored a Hydrogeologic Report, which speaks for itself as to its contents.  The allegations of paragraph 617 are denied.

618.    Defendant denies the allegations of paragraph 618.

619.    Admitted that Woodard & Curran authored a Hydrogeologic Report, which speaks for itself as to its contents.  The allegations of paragraph 619 are denied.

620.    Admitted that Woodard & Curran authored a Hydrogeologic Report, which speaks for itself as to its contents.  The allegations of paragraph 620 are denied.

621.    Admitted that Woodard & Curran authored a Hydrogeologic Report, which speaks for itself as to its contents.  The allegations of paragraph 621 are denied.

622.    Defendant denies the allegations of paragraph 622.

623.    Defendant denies the allegations of paragraph 623.

624.    Admitted that a 2008 renewal application was filed, authored by Woodard & Curran, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 624 are denied.

625.    Defendant denies the allegations of paragraph 625.

626.    Admitted that pump tests of the boreholes at the Cold Spring site in Denmark showed a hydraulic response at the spring points, and that this was documented by Woodard & Curran in hydrogeologic reports.  Except as expressly admitted, the allegations of paragraph 626 are denied.

627.    Defendant denies the allegations of paragraph 627.

628.    Defendant denies the allegations of paragraph 628.

629.    Defendant denies the allegations of paragraph 629.

630.    Defendant denies the allegations of paragraph 630.

631.    Defendant denies the allegations of paragraph 631.

632.    Defendant denies the allegations of paragraph 632.

633.    Defendant denies the allegations of paragraph 633.

634.    Defendant denies the allegations of paragraph 634.

635.    Defendant denies the allegations of paragraph 635.

636.    Defendant denies the allegations of paragraph 636.

637.    Defendant denies the allegations of paragraph 637.

638.    Defendant denies the allegations of paragraph 638.

639.    Defendant denies the allegations of paragraph 639.

640.    Defendant denies the allegations of paragraph 640.

641.    Defendant denies the allegations of paragraph 641.

642.    Admitted that Defendant has a photograph of springs flowing at its site in
Denmark, and that it publicly showed the referenced photo at a town meeting.  Except as
expressly admitted, the allegations of paragraph 642 are denied.

643.    Defendant denies the allegations of paragraph 643.

644.    Defendant denies the allegations of paragraph 644.

645.    Defendant denies the allegations of paragraph 645.

646.    Defendant denies the allegations of paragraph 646.

647.    Defendant denies the allegations of paragraph 647.

648.    Admitted that the Maine Drinking Water Program approved the Cold Spring
boreholes as "spring water."  The approval document speaks for itself as to its contents.  Except
as expressly admitted, the allegations of paragraph 648 are denied.

649.    Defendant denies the allegations of paragraph 649.

650.    Defendant denies the allegations of paragraph 650.

651.    Defendant denies the allegations of paragraph 651.

652.    Defendant denies the allegations of paragraph 652.

653.    Defendant denies the allegations of paragraph 653.

654.    Defendant denies the allegations of paragraph 654.

655.    Defendant denies the allegations of paragraph 655.

656.    Defendant admits that it has a spring source in Dallas Plantation, Franklin County, Maine.  Defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 656.

657.    Nestle Waters admits that it has acquired and owns land in Dallas Plantation. Defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 657.

658.    Defendant denies the allegations of paragraph 658.

659.    Defendant denies the allegations of paragraph 659.

660.    Defendant denies the allegations of paragraph 660.

661.    Defendant lacks sufficient information to conclusively confirm the other geographic information alleged about the location of the two boreholes at its White Cedar Spring source, and on that basis denies the allegations of paragraph 661.

662.    Admitted that there is security fencing at the property, and signage.  Except as expressly admitted, the allegations of paragraph 662 are denied.

663.    Admitted that the Maine Geologic Survey made a map that covers the geographic area including the White Cedar Spring site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 663 are denied.

664.     Defendant denies the allegations of paragraph 664.

665.     Defendant denies the allegations of paragraph 665.

666.     Defendant denies the allegations of paragraph 666.

667.     Defendant denies the allegations of paragraph 667.

668.     Defendant denies the allegations of paragraph 668.

669.     Defendant denies the allegations of paragraph 669.

670.     Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 670 are denied.

671.     Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 671 are denied.

672.     Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 672 are denied.

673.     Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 673 are denied.

674.     Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 674 are denied.

675.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 675 are denied.

676.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 676 are denied.

677.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 677 are denied.

678.    Defendant denies the allegations of paragraph 678.

679.    Defendant denies the allegations of paragraph 679.

680.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 680 are denied.

681.    Defendant denies the allegations of paragraph 681.

682.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 682 are denied.

683.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 683 are denied.

684.    Defendant denies the allegations of paragraph 684.

685.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 685 are denied.

686.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 686 are denied.

687.    Defendant denies the allegations of paragraph 687.

688.    Defendant denies the allegations of paragraph 688.

689.    Defendant denies the allegations of paragraph 689.

690.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 690 are denied.

691.    Admitted that Woodard & Curran prepared a hydrogeologic report for the site, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 691 are denied.

692.    Defendant denies the allegations of paragraph 692.

693.    Defendant denies the allegations of paragraph 693.

694.    Defendant denies the allegations of paragraph 694.

695.    Defendant denies the allegations of paragraph 695.

696.    Defendant denies the allegations of paragraph 696.

697.    Defendant denies the allegations of paragraph 697.

698.    Defendant denies the allegations of paragraph 698.

699.    Defendant denies the allegations of paragraph 699.

700.    Defendant denies the allegations of paragraph 700.

701.    Defendant denies the allegations of paragraph 701.

702.    Admitted that borehole # 2 was drilled after borehole # 1.  Woodard & Curran prepared a hydrogeologic report concerning borehole # 2, which speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 702 are denied.

703.    Admitted that the Maine Drinking Water Program has approved the two boreholes # 1 and # 2 as producing "spring water."  Except as expressly admitted, the allegations of paragraph 703 are denied.

704.    The two Woodard & Curran reports referred to in this paragraph speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 704 are denied.

705.    Defendant denies the allegations of paragraph 705.

706.    Defendant denies the allegations of paragraph 706.

707.    Defendant denies the allegations of paragraph 707.

708.    Defendant denies the allegations of paragraph 708.

709.    Defendant denies the allegations of paragraph 709.

710.    Admitted that Pierce Pond Township is in Somerset County, Maine, and that Defendant owns land there.  Defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 710.

711.    Defendant's property is surrounded by mountains.  Except as expressly admitted, defendant lacks sufficient information to conclusively confirm the other geographic information alleged, and on that basis denies the allegations of paragraph 711.

712.    Defendant admits that it owns a facility near the Spruce Spring source that has in the past been used as a fish hatchery, and that some of the structures on the property may be visible in aerial photographs.  Except as expressly admitted, the allegations of paragraph 712 are denied.

713.    Defendant lacks sufficient information to conclusively confirm the geographic information alleged, and on that basis denies the allegations of paragraph 713.

714.    The photos referenced speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 714 are denied.

715.    Admitted that there is fencing and signage at the site.  Except as expressly admitted, the allegations of paragraph 715 are denied.

716.    Defendant denies the allegations of paragraph 716.

717.    Admitted that the Maine Geological Survey map created in 2001 does not show things that did not exist at the time the map was created.  Except as expressly admitted, the allegations of this paragraph are denied.

718.    Defendant denies the allegations of paragraph 718.

719.    The Maine DEP Fact Sheets speak for themselves as to their contents.  Except as expressly admitted, the allegations of paragraph 719 are denied.

720.    Admitted that Defendant applied for a spring water permit, and submitted a report from Woodard & Curran in support of the application.  The report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 720 are denied.

721.    Admitted that Defendant applied for a spring water permit, and submitted a report from Woodard & Curran in support of the application.  The report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 721 are denied.

722.    Admitted that the springs on the other side of Cold Brook from the site and boreholes are not what Defendant refers to as Spruce Spring.  Except as expressly admitted, the allegations of paragraph 722 are denied.

723.    Admitted that Spruce Spring is on the south side of Cold Brook, as are the boreholes.  Except as expressly admitted, the allegations of paragraph 723 are denied.

724.    Defendant denies the allegations of paragraph 724.

725.    Defendant denies the allegations of paragraph 725.

726.    The 2014 Permit Amendment speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 726 are denied.

727.    Defendant denies the allegations of paragraph 727.

728.    Defendant denies the allegations of paragraph 728.

729.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 729 are denied.

730.    Defendant denies the allegations of paragraph 730.

731.    Defendant denies the allegations of paragraph 731.

732.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 732 are denied.

733.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 733 are denied.

734.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 734 are denied.

735.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 735 are denied.

736.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 736 are denied.

737.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 737 are denied.

738.    Defendant denies the allegations of paragraph 738.

739.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 739 are denied.

740.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 740 are denied.

741.    Defendant denies the allegations of paragraph 741.

742.    Defendant denies the allegations of paragraph 742.

743.    Defendant denies the allegations of paragraph 743.

744.    Defendant denies the allegations of paragraph 744.

745.    Defendant denies the allegations of paragraph 745.

746.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 746 are denied.

747.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 747 are denied.

748.    The Woodard & Curran 2004 report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 748 are denied.

749.    The permit is a matter of public record and speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 749 are denied.

750.    Defendant denies the allegations of paragraph 750.

751.    Defendant denies the allegations of paragraph 751.

752.    Defendant denies the allegations of paragraph 752.

753.    Defendant denies the allegations of paragraph 753.

754.    Defendant denies the allegations of paragraph 754.

755.    Admitted that Kingfield is in Franklin County.  Admitted that there are mountains in the area, including Sugarloaf Mountain, Mount Abraham, and others.  Except as expressly admitted, the allegations of paragraph 755 are denied.

756.    Admitted that two branches of the Carrabassett River converge in Kingfield, Maine, and that a portion of the water in each is from rainfall and snowmelt.  Except as expressly admitted, the allegations of paragraph 756 are denied.

757.    Admitted that Defendant owns a bottling plant located on land south of Kingfield. Except as expressly admitted, the allegations of paragraph 757 are denied.

758.    Admitted that Defendant owns property between West Kingfield Road and the Carrabassett River, has five spring water production boreholes on the site, and owns other land in the area, including land used for a pipeline.  Except as expressly admitted, the allegations of paragraph 758 are denied.

759.    Admitted that defendant refers to boreholes by number, and that the site is bounded by West Kingfield Road and Rapid Stream.  Except as expressly admitted, the allegations of paragraph 759 are denied.

760.    Admitted that there is a pipeline that transports water from the spring sources to the bottling plant.  Except as expressly admitted, the allegations of paragraph 760 are denied.

761.    Admitted that there is a gate on the entrance road to the site, with signage relating to site security.  Except as expressly admitted, the allegations of paragraph 761 are denied.

62

762.    Admitted that there is signage at the property indicating Defendant's ownership, and that the boreholes, which are inside small buildings, are not visible from any public road. Except as expressly admitted, the allegations of paragraph 762 are denied.

763.    Defendant lacks information sufficient to conclusively admit the security measures employed by the Kingfield public water system, including the frequency with which its gate is locked, and on that basis denies the allegations of paragraph 763.

764.    The Maine Geological Survey map for this geographic area speaks for itself as to its contents. The version created prior to the existence of boreholes on the site would logically not show boreholes that did not yet exist. Except as expressly admitted, the allegations of paragraph 764 are denied.

765.    The permit issued by the Town of Kingfield is a matter of public record and speaks for itself as to its contents. Admitted that Defendant pumps less water than authorized under the permit. Except as expressly admitted, the allegations of paragraph 765 are denied.

766.    The permit issued by the Maine Drinking Water Program is a matter of public record and speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 766 are denied.

767.    Admitted that the Maine Drinking Water Program approved the boreholes at the Bradbury Spring site as "spring water." The Drumlin report speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 767 are denied.

768.    The Drumlin report speaks for itself as to its contents. Except as expressly admitted, the allegations of paragraph 768 are denied.

769.    The Drumlin report concludes that the federal spring water standard of identity is met, and speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 769 are denied.

770.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 770 are denied.

771.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 771 are denied.

772.    Defendant denies the allegations of paragraph 772.

773.    Defendant denies the allegations of paragraph 773.

774.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 774 are denied.

775.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 775 are denied.

776.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 776 are denied.

777.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 777 are denied.

778.    Defendant denies the allegations of paragraph 778.

779.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 779 are denied.

780.    The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 780 are denied.

781.     The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 781 are denied.

782.     Defendant denies the allegations of paragraph 782.

783.     Defendant denies the allegations of paragraph 783.

784.     Defendant denies the allegations of paragraph 784.

785.     The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 785 are denied.

786.     Defendant denies the allegations of paragraph 786.

787.     The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 787 are denied.

788.     The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 788 are denied.

789.     The Drumlin report speaks for itself as to its contents.  Except as expressly admitted, the allegations of paragraph 789 are denied.

790.     Defendant denies the allegations of paragraph 790.

791.     Defendant denies the allegations of paragraph 791.

792.     Defendant denies the allegations of paragraph 792.

793.     Defendant denies the allegations of paragraph 793.

794.     Defendant denies the allegations of paragraph 794.

795.     Defendant denies the allegations of paragraph 795.

796.     Admitted that state regulatory officials ensure compliance with the standard of identity for spring water.  Except as expressly admitted, Defendant denies the allegations of paragraph 796.

797.    Defendant admits the allegations of paragraph 797.

798.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 798 are denied.

799.    Defendant admits that the agencies cooperate and in some cases attempt to avoid redundancy.  Defendant admits that the Drinking Water Program evaluates and ensures compliance with the spring water regulation, and has environmental engineers, hydrogeologists and staff members who perform this role.  Except as expressly admitted, the allegations of paragraph 799 are denied.

800.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 800 are denied.

801.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 801 are denied.

802.    Admitted that in January 2002, Tom Brennan was appointed by the Governor of Maine to the Maine Public Drinking Water Commission, as a member representing the "non-transient, non-community water supply sector."  He has subsequently been re-appointed as a member representing the drinking water public. His current term is scheduled to expire in August 2021.  Except as expressly admitted, the allegations of paragraph 802 are denied.

803.    Admitted that Tom Brennan is a senior natural resource manager at Nestle Waters with responsibility for the Northeast and Mid-Atlantic regions.  Except as expressly admitted, the allegations of paragraph 803 are denied.

66

804.     Admitted that Tom Brennan has in the past served as Vice-Chair or Chair.  Except as expressly admitted, the allegations of paragraph 804 are denied.

805.     Admitted that the Water Commission meets four times annually, and that it has met at least once at the bottling plant at Poland Spring and at least once at the bottling plant at Hollis.  Except as expressly admitted, the allegations of paragraph 805 are denied.

806.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 806 are denied.

807.     Defendant admits the allegations of paragraph 807.

808.     Defendant denies the allegations of paragraph 808.

809.     Defendant denies the allegations of paragraph 809.

810.     Defendant denies the allegations of paragraph 810.

811.     Defendant denies the allegations of paragraph 811.

812.     Defendant denies the allegations of paragraph 812.

813.     Defendant denies the allegations of paragraph 813.

814.     Defendant denies the allegations of paragraph 814.

815.     Defendant denies the allegations of paragraph 815.

816.     Defendant denies the allegations of paragraph 816.

817.     Defendant denies the allegations of paragraph 817.

818.     Defendant denies the allegations of paragraph 818.

819.     Defendant denies the allegations of paragraph 819.

820.     Defendant denies the allegations of paragraph 820.

821.     Defendant denies the allegations of paragraph 821.

822.    Defendant denies the allegations of paragraph 822.

823.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 823 are denied.

824.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 824 are denied.

825.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 825 are denied.

826.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 826 are denied.

827.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 827 are denied.

828.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 828 are denied.

829.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 829 are denied.

830.    Defendant denies the allegations of paragraph 830.

831.   This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 831 are denied.

832.   Defendant is without knowledge or information sufficient to form a belief as to the truth  of paragraph 832, and therefore denies the same.

833.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 833, and therefore denies the same.

834.   This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 834 are denied.

835.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 835, and therefore denies the same.

836.   In response to paragraph 836, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

837.   Defendant denies the allegations of paragraph 837.

838.   Defendant denies the allegations of paragraph 838.

839.   Defendant denies the allegations of paragraph 839.

840.   Defendant denies the allegations of paragraph 840.

841.   Defendant denies the allegations of paragraph 841.

842.   Defendant denies the allegations of paragraph 842.

843.   Defendant denies the allegations of paragraph 843.

844.   Defendant denies the allegations of paragraph 844.

845.   Defendant denies the allegations of paragraph 845.

846.     Defendant denies the allegations of paragraph 846.

847.     In response to paragraph 847, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

848.     Defendant denies the allegations of paragraph 848.

849.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 849 are denied.

850.     Defendant admits the allegations of paragraph 850.

851.     Defendant denies the allegations of paragraph 851.

852.     Defendant denies the allegations of paragraph 852.

853.     Defendant denies the allegations of paragraph 853.

854.     Defendant denies the allegations of paragraph 854.

855.     Defendant denies the allegations of paragraph 855.

856.     Defendant denies the allegations of paragraph 856.

857.     In response to paragraph 857, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

858.     Defendant denies the allegations of paragraph 858.

859.     The allegations of paragraph 859 purport to characterize the New Jersey CFA, which speaks for itself and is the best evidence of its contents and meaning.  To the extent a response is required, Defendant denies the allegations of paragraph 859.

860.     The allegations of paragraph 860 purport to characterize the New Jersey CFA, which speaks for itself and is the best evidence of its contents and meaning.  The allegations of

this paragraph also contain conclusions of law, which require no response.   To the extent a response is required, Defendant denies the allegations of paragraph 860.

861.     Defendant denies the allegations of paragraph 861.

862.     Defendant denies the allegations of paragraph 862.

863.     Defendant denies the allegations of paragraph 863.

864.     This paragraph asserts legal conclusions and arguments which require no response.   To the extent it contains allegations requiring a response, the allegations of paragraph 864 are denied.

865.     Defendant denies the allegations of paragraph 865.

866.     Defendant denies the allegations of paragraph 866.

867.     Defendant denies the allegations of paragraph 867.

868.     Defendant is without knowledge or information sufficient to form a belief as to the truth  of paragraph 868, and therefore denies the same.

869.     In response to paragraph 869, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

870.     Defendant denies the allegations of paragraph 870.

871.     The allegations of paragraph 871 purport to characterize New York General Business Law ("GBL") § 349, which speaks for itself and is the best evidence of its contents and meaning.   To the extent a response is required, Defendant denies the allegations of paragraph 871.

872.     The allegations of paragraph 872 purport to characterize New York GBL § 349, which speaks for itself and is the best evidence of its contents and meaning.   The allegations of

this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 872.

873.    Defendant denies the allegations of paragraph 873.

874.    Defendant denies the allegations of paragraph 874.

875.    Defendant denies the allegations of paragraph 875.

876.    Defendant denies the allegations of paragraph 876.

877.    Defendant denies the allegations of paragraph 877.

878.    Defendant denies the allegations of paragraph 878.

879.    Defendant denies the allegations of paragraph 879.

880.    Defendant denies the allegations of paragraph 880.

881.    Defendant denies the allegations of paragraph 881.

882.    In response to paragraph 882, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

883.    Defendant denies the allegations of paragraph 883.

884.    The allegations of paragraph 884 purport to characterize the New York GBL § 350, which speaks for itself and is the best evidence of its contents and meaning.  To the extent a response is required, Defendant denies the allegations of paragraph 884.

885.    The allegations of paragraph 885 purport to characterize New York GBL § 350, which speaks for itself and is the best evidence of its contents and meaning.  The allegations of this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 885.

886.    Defendant denies the allegations of paragraph 886.

887.    Defendant denies the allegations of paragraph 887.

888.     Defendant denies the allegations of paragraph 888.

889.     Defendant denies the allegations of paragraph 889.

890.     Defendant denies the allegations of paragraph 890.

891.     Defendant denies the allegations of paragraph 891.

892.     In response to paragraph 892, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

893.     Defendant denies the allegations of paragraph 893.

894.     This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 894 are denied.

895.     The allegations of paragraph 895 purport to characterize the CUTPA, which speaks for itself and is the best evidence of its contents and meaning.  To the extent a response is required, Defendant denies the allegations of paragraph 895.

896.     The allegations of paragraph 896 purport to characterize the CUTPA, which speaks for itself and is the best evidence of its contents and meaning.  The allegations of this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 896.

897.     Defendant denies the allegations of paragraph 897.

898.     Defendant denies the allegations of paragraph 898.

899.     Defendant denies the allegations of paragraph 899.

900.     Defendant denies the allegations of paragraph 900.

901.     Defendant denies the allegations of paragraph 901.

902.     Defendant denies the allegations of paragraph 902.

903.   Defendant denies the allegations of paragraph 903.

904.   Defendant denies the allegations of paragraph 904.

905.   Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 905, and therefore denies the same.

906.   In response to paragraph 906, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

907.   Defendant denies the allegations of paragraph 907.

908.   This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 908 are denied.

909.   This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 909 are denied.

910.   The allegations of paragraph 910 purport to characterize the Massachusetts Consumer Protection Act (the "Mass. CPA"), which speaks for itself and is the best evidence of its contents and meaning. To the extent a response is required, Defendant denies the allegations of paragraph 910.

911.   The allegations of paragraph 911 purport to characterize the Mass. CPA, which speaks for itself and is the best evidence of its contents and meaning. The allegations of this paragraph also contain conclusions of law, which require no response. To the extent a response is required, Defendant denies the allegations of paragraph 911.

912.   Defendant denies the allegations of paragraph 912.

913.   Defendant denies the allegations of paragraph 913.

914.    Defendant denies the allegations of paragraph 914.

915.    Defendant denies the allegations of paragraph 915.

916.    Defendant denies the allegations of paragraph 916.

917.    Defendant denies the allegations of paragraph 917.

918.    Defendant denies the allegations of paragraph 918.

919.    Defendant denies the allegations of paragraph 919.

920.    Defendant denies the allegations of paragraph 920.

921.    Defendant denies the allegations of paragraph 921.

922.    Defendant denies the allegations of paragraph 922.

923.    Defendant denies the allegations of paragraph 923.

924.    Defendant denies the allegations of paragraph 924.

925.    Defendant denies the allegations of paragraph 925.

926.    Defendant denies the allegations of paragraph 926.

927.    Defendant denies the allegations of paragraph 927.

928.    Defendant denies the allegations of paragraph 928.

929.    Defendant denies the allegations of paragraph 929.

930.    Defendant denies the allegations of paragraph 930.

931.    In response to paragraph 931, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

932.    Defendant denies the allegations of paragraph 932.

933.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 933 are denied.

934.    The allegations of paragraph 934 purport to characterize the Rhode Island Unfair

Trade Practices and Consumer Protection Act ("Rhode Island CPA"), which speaks for itself and

is the best evidence of its contents and meaning.  To the extent a response is required, Defendant

denies the allegations of paragraph 934.

935.    The allegations of paragraph 935 purport to characterize the Rhode Island CPA,

which speaks for itself and is the best evidence of its contents and meaning.  The allegations of

this paragraph also contain conclusions of law, which require no response.  To the extent a

response is required, Defendant denies the allegations of paragraph 935.

936.    Defendant denies the allegations of paragraph 936.

937.    Defendant denies the allegations of paragraph 937.

938.    Defendant denies the allegations of paragraph 938.

939.    Defendant denies the allegations of paragraph 939.

940.    Defendant denies the allegations of paragraph 940.

941.    Defendant denies the allegations of paragraph 941.

942.    Defendant denies the allegations of paragraph 942.

943.    Defendant denies the allegations of paragraph 943.

944.    Defendant denies the allegations of paragraph 944.

945.    Defendant denies the allegations of paragraph 945.

946.    Defendant denies the allegations of paragraph 946.

947.    Defendant denies the allegations of paragraph 947.

948.    Defendant denies the allegations of paragraph 948.

949.    Defendant denies the allegations of paragraph 949.

950.    Defendant denies the allegations of paragraph 950.

951.    Defendant denies the allegations of paragraph 951.

952.    Defendant denies the allegations of paragraph 952.

953.    Defendant denies the allegations of paragraph 953.

954.    Defendant denies the allegations of paragraph 954.

955.    In response to paragraph 955, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

956.    This Count has been dismissed by this Court's Order dated March 28, 2019 [Doc. 179] and accordingly no answer is required to be filed.  To the extent any response is required, Defendant denies the allegations of paragraph 959 in their entirety.

957.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 957 are denied.

958.    The allegations of paragraph 958 purport to characterize the Vermont Consumer Fraud Act ("Vermont CFA"), which speaks for itself and is the best evidence of its contents and meaning.  The allegations of this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 958.

959.    Defendant denies the allegations of paragraph 959.

960.    Defendant denies the allegations of paragraph 960.

961.    Defendant denies the allegations of paragraph 961.

962.    Defendant denies the allegations of paragraph 962.

963.    Defendant denies the allegations of paragraph 963.

964.    Defendant denies the allegations of paragraph 964.

965.    Defendant denies the allegations of paragraph 965.

966.    Defendant denies the allegations of paragraph 966.

967.    Defendant denies the allegations of paragraph 967.

968.    Defendant denies the allegations of paragraph 968.

969.    Defendant denies the allegations of paragraph 969.

970.    Defendant denies the allegations of paragraph 970.

971.    Defendant denies the allegations of paragraph 971.

972.    Defendant denies the allegations of paragraph 972.

973.    Defendant denies the allegations of paragraph 973.

974.    Defendant denies the allegations of paragraph 974.

975.    Defendant denies the allegations of paragraph 975.

976.    This Count has been dismissed by Court Order [Doc. 179], and Plaintiffs and the Vermont Sub-Class are not entitled to any relief.  To the extent any response is required, the allegations of paragraph 976 are denied.

977.    This Count has been dismissed by Court Order [Doc. 179], and Plaintiffs and the Vermont Sub-Class are not entitled to any relief.  To the extent any response is required, the allegations of paragraph 977 are denied.

978.    In response to paragraph 978, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

979.    Defendant denies the allegations of paragraph 979.

980.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 980 are denied.

981.    This paragraph asserts legal conclusions and arguments which require no response.  To the extent it contains allegations requiring a response, the allegations of paragraph 981 are denied.

982.    The allegations of paragraph 982 purport to characterize the New Hampshire Consumer Protection Act ("New Hampshire CPA"), which speaks for itself and is the best evidence of its contents and meaning.  To the extent a response is required, Defendant denies the allegations of paragraph 982.

983.    The allegations of paragraph 983 purport to characterize the New Hampshire CPA, which speaks for itself and is the best evidence of its contents and meaning.  The allegations of this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 983.

984.    Defendant denies the allegations of paragraph 984.

985.    Defendant denies the allegations of paragraph 985.

986.    Defendant denies the allegations of paragraph 986.

987.    Defendant denies the allegations of paragraph 987.

988.    Defendant denies the allegations of paragraph 988.

989.    Defendant denies the allegations of paragraph 989.

990.    Defendant denies the allegations of paragraph 990.

991.    Defendant denies the allegations of paragraph 991.

992.    Defendant denies the allegations of paragraph 992.

993.    Defendant denies the allegations of paragraph 993.

994.    Defendant denies the allegations of paragraph 994.

995.    Defendant denies the allegations of paragraph 995.

996.   Defendant denies the allegations of paragraph 996.

997.   Defendant denies the allegations of paragraph 997.

998.   Defendant denies the allegations of paragraph 998.

999.   Defendant denies the allegations of paragraph 999.

1000.   Defendant denies the allegations of paragraph 1000.

1001.   Defendant denies the allegations of paragraph 1001.

1002.   Defendant denies the allegations of paragraph 1002.

1003.   In response to paragraph 1003, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

1004.   Defendant denies the allegations of paragraph 1004.

1005.   This paragraph asserts legal conclusions and arguments which require no response.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 1005, and therefore denies the same.

1006.   The allegations of paragraph 1006 purport to characterize the Maine Unfair Trade Practices Act (the "Maine UTPA"), which speaks for itself and is the best evidence of its contents and meaning.  To the extent a response is required, Defendant denies the allegations of paragraph 1006.

1007.   The allegations of paragraph 1007 purport to characterize the Maine UTPA, which speaks for itself and is the best evidence of its contents and meaning.  The allegations of this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 1007.

1008.   Defendant denies the allegations of paragraph 1008.

1009.   Defendant denies the allegations of paragraph 1009.

1010.   Defendant denies the allegations of paragraph 1010.

1011.   Defendant denies the allegations of paragraph 1011.

1012.   Defendant denies the allegations of paragraph 1012.

1013.   Defendant denies the allegations of paragraph 1013.

1014.   Defendant denies the allegations of paragraph 1014.

1015.   Defendant denies the allegations of paragraph 1015.

1016.   Defendant denies the allegations of paragraph 1016.

1017.   Defendant denies the allegations of paragraph 1017.

1018.   Defendant denies the allegations of paragraph 1018.

1019.   Defendant denies the allegations of paragraph 1019.

1020.   Defendant denies the allegations of paragraph 1020.

1021.   Defendant denies the allegations of paragraph 1021.

1022.   Defendant denies the allegations of paragraph 1022.

1023.   Defendant denies the allegations of paragraph 1023.

1024.   In response to paragraph 1024, Defendant reiterates its responses to all prior allegations as though set forth fully herein.

1025.   This Count has been dismissed by the Pennsylvania Plaintiff Michael Brown [Doc. 193] and accordingly no answer is required to be filed.

1026.   This paragraph asserts legal conclusions and arguments which require no response. To the extent it contains allegations requiring a response, the allegations of paragraph 1026 are denied.

1027.   The allegations of paragraph 1027 purport to characterize the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPA"), which speaks for itself and

is the best evidence of its contents and meaning.  To the extent a response is required, Defendant denies the allegations of paragraph 1027.

1028.   The allegations of paragraph 1028 purport to characterize the UTPCPA, which speaks for itself and is the best evidence of its contents and meaning.  The allegations of this paragraph also contain conclusions of law, which require no response.  To the extent a response is required, Defendant denies the allegations of paragraph 1028.

1029.   Defendant denies the allegations of paragraph 1029.

1030.   Defendant denies the allegations of paragraph 1030.

1031.   Defendant denies the allegations of paragraph 1031.

1032.   Defendant denies the allegations of paragraph 1032.

1033.   Defendant denies the allegations of paragraph 1033.

1034.   Defendant denies the allegations of paragraph 1034.

1035.   Defendant denies the allegations of paragraph 1035.

1036.   Defendant denies the allegations of paragraph 1036.

## Affirmative Defenses

Subject to the foregoing, Defendant, for its own separate and affirmative defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any of them, hereby asserts as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' claims are barred, in whole or in part, because the allegations in Plaintiffs' Complaint fail to adequately state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Article III Standing)**

Plaintiffs' claims are barred because Plaintiffs lack Article III standing to sue for relief in this Court, as they have not incurred any actual injury in fact traceable to any conduct allegedly undertaken by Defendant that has resulted in any actual damage or injury to Plaintiffs that is redressable by this federal court.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Article III Standing to Seek Injunctive Relief)**

Plaintiffs' claims for injunctive relief are barred because Plaintiffs lack Article III standing to sue for injunctive relief in this Court, as there is no future threat of injury or risk of recurrence to Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Representative Standing)**

Plaintiffs' Complaint and each purported cause of action alleged therein which is asserted in a representative capacity are barred because each Plaintiff lacks standing to bring one or more of the causes of action or requests for relief on his or her own behalf or in a representative capacity.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Subject-Matter Jurisdiction)

Plaintiffs' Complaint is barred for lack of subject-matter jurisdiction, as a federal court does not possess the jurisdictional authority to exercise judicial review of the state governmental agencies of each of the states at issue in this case, which have made determinations that the sources of Poland Spring® bottled water are "spring water" compliant with the federal standard of identity of spring water set forth in 21 C.F.R. § 165.110(a)(2)(vi), and have issued permits and licenses authorizing and preapproving the labeling and sale of Poland Spring® bottled water as spring water.

## SIXTH AFFIRMATIVE DEFENSE
### (*Burford* Doctrine)

Plaintiffs' Complaint is barred by the doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), which deprives this Court of subject-matter jurisdiction to review Plaintiffs' state-law claims challenging the validity of each state's issuance of permits and licenses authorizing and preapproving the labeling and sale of Poland Spring® brand bottled water as "spring water" compliant with the federal standard of identity of spring water set forth in 21 C.F.R. § 165.110(a)(2)(vi).

## SEVENTH AFFIRMATIVE DEFENSE
### (*Rooker-Feldman* Doctrine)

Plaintiffs' Complaint is barred by the doctrine set forth in *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which deprives this Court of subject-matter jurisdiction to sit in review of the state-court Final Judgment entered on November 5, 2003, by the Sixteenth Judicial Circuit Court in

Kane County, Illinois in the matter of *Ramsey v. Nestlé Waters North America*, Case No. 03 CHK 817 ("Ramsey Action").

## EIGHTH AFFIRMATIVE DEFENSE
### (Compliance with Federal Law)

Plaintiffs are not entitled to any relief on any claim alleged in their Complaint because Defendant's Poland Spring® brand bottled water meets the federal definition of "spring water" established in 21 C.F.R. § 165.110(a)(2)(vi).

## NINTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiffs' claims are barred by the federal Food, Drug, and Cosmetics Act pursuant to the doctrines of implied preemption (21 U.S.C. § 337(a)), express preemption (21 U.S.C. § 343-1(a)(1)), and/or conflict preemption.

## TENTH AFFIRMATIVE DEFENSE
### (Compliance With State Law)

Plaintiff's claims are barred because, at all relevant times, Defendant acted in accordance with the laws of each state at issue in this case, which states authorized and preapproved the labeling and sale of Poland Spring® bottled water as "spring water."

## ELEVENTH AFFIRMATIVE DEFENSE
### (Public Policy)

Plaintiffs' Complaint and each purported claim for relief alleged therein are barred by public policy, as recognized by the laws of New Jersey and other states at issue in this case, because the claims seek to privately enforce the "spring water" identity standard contrary to and

in derogation of federal and state laws authorizing only appropriate regulatory officials to exclusively enforce the "spring water" identity standard.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Private Right Of Action)

Plaintiffs' claims are barred, as under the federal Food, Drug, and Cosmetics Act (21 U.S.C. § 337(a)) and the laws of each state at issue in this case, there is no private right of action to enforce violations of food misbranding laws for failure to comply with the "spring water" identity standard.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Safe Harbor Doctrine)

Plaintiffs' claims are barred, as under the laws of each state at issue in this case, Defendant is protected by a safe harbor exemption from state-law liability for violation of a statutory consumer protection act, a statutory unfair or deceptive trade practices act, or the common law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (License or Approval)

Plaintiffs' claims are barred because each state at issue in this case has issued licenses and permits authorizing and preapproving Defendant's labeling and sale of Poland Spring® brand bottled water as "spring water" compliant with the federal definition of "spring water" established in 21 C.F.R. § 165.110(a)(2)(vi).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Doctrine of Exhaustion of Administrative Remedies)

Plaintiffs' Complaint is barred because Plaintiffs failed to exhaust their administrative

remedies or are challenging or collaterally attacking an administrative decision of each state at

issue in this case without following the applicable procedures under state law for doing so.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Doctrine of Primary Jurisdiction)

Plaintiffs' Complaint is barred by the doctrine of primary jurisdiction.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Federal Anti-Injunction Act)

Plaintiffs' Complaint is barred by the federal Anti-Injunction Act, 28 U.S.C. § 2283.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

Plaintiffs' Complaint is barred pursuant to the doctrines of res judicata and/or collateral

estoppel by the state-court Final Judgment entered in the Ramsey Action.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs' Complaint is barred pursuant to the doctrine of release, as Plaintiffs and/or the

putative class members have released any claim or cause of action they may have had against

Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Ramsey Action Final Judgment)

Plaintiffs' Complaint is barred by the Final Judgment and Order of Dismissal entered in the Ramsey Action, which specifically permits Defendant "to continue to bottle, label and sell Poland Spring brand water as 'spring water.'"

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Ramsey Action Final Judgment Injunction)

Plaintiffs' Complaint is barred by the Final Judgment and Order of Dismissal entered in the Ramsey Action, which permanently bars and enjoins Plaintiffs and/or any putative class members from prosecuting any action involving or asserting any of the claims alleged in the Complaint, which were the subject of the Ramsey Action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Choice of Law)

Plaintiffs and/or putative class members are barred to the extent they assert claims based on laws of states other than the one in which they engaged in the transaction or transactions at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

Plaintiffs are not entitled to any injunctive, declaratory, or equitable relief because Plaintiffs have not suffered any irreparable harm.

88

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

Plaintiffs' claims for injunctive and equitable relief are barred because Plaintiffs have adequate remedies at law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Speculative Harm)

Plaintiffs' claims for damages are barred because their alleged damages, if any, are speculative, and because of the impossibility of ascertaining the specific amount of damages alleged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Acceptance of Conforming Goods)

Plaintiffs' claims are barred under each state's version of the Uniform Commercial Code ("UCC"), as Plaintiffs accepted Defendant's goods by consuming the Poland Spring® brand bottled water they received and, therefore, are liable for the full contract price and are precluded from rejecting the goods.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Acceptance Of Nonconforming Goods)

Plaintiffs' claims are barred under each state's version of the UCC, as Plaintiffs accepted Defendant's goods and did not notify Defendant of any breach based upon a nonconformity of the goods within a reasonable time after each discovered or should have discovered any such nonconformity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Custom and Usage)

Plaintiffs' claims are barred because, at all relevant times, Defendant acted in accordance with well-established and well-understood custom and usage existing and still existing in the Defendant's industry throughout the United States, and in accordance with applicable industry standards.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Receipt and Use of Value)

Plaintiffs' claims for damages or monetary relief are barred, in whole or part, because they received and used a product that was of value to them.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Contractual Bar)

The claims of those Plaintiffs who purchased Poland Spring® bottled water directly from Defendant are barred, in whole or part, because those Plaintiffs did not comply with the terms of their contracts with Defendant, which bars their claims or excuses Defendant's contractual performance.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Comply with Statutory Pre-Suit Notice Requirement)

Plaintiffs' claims are barred, in whole or part, for failure to comply with applicable state statutory requirements to provide pre-suit notice or an opportunity to provide an appropriate remedy.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Comply with Statutory Notice and Pleading Requirements)

Plaintiffs' claims are barred, in whole or in part, for failure to comply with the applicable notice and pleading requirements of the state consumer protection and/or unfair and deceptive trade practices statutes allegedly violated by Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Mass. Gen. Laws Ann. ch. 93A, § 9)

Plaintiffs' claim for violation of the Massachusetts Consumer Protection Act is barred by the provisions of Mass. Gen. Laws Ann. ch. 93A, § 9.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Fraudulent Conduct)

Plaintiffs were not deceived by any allegedly fraudulent conduct by Defendant, as the appropriate regulatory officials of each state at issue in this case authorized and preapproved the labeling and sale of Defendant's Poland Spring® brand bottled water products as "spring water."

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (No Breach of Contract)

Those Plaintiffs who contracted directly with Defendant did not suffer any breach of contract for their purchase of Defendant's Poland Spring® brand bottled water products, as those Plaintiffs received the benefit of their bargain with Defendant because each state at issue in this case authorized and preapproved the labeling and sale of Defendant's Poland Spring® brand bottled water products as "spring water."

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statutes of limitation under the laws of each state at issue in this case.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Waiver/Consent)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or consent.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, pursuant to one or more of the respective doctrines of estoppel.

## FORTIETH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, pursuant to the doctrine of unclean hands.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiffs' Complaint and each claim for relief is barred on the ground that Defendant's alleged conduct was not the cause-in-fact or the legal cause of any harm alleged by Plaintiffs.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Plaintiffs' Acts or Omissions)

If and to the extent that Plaintiffs suffered any harm, loss or damage (which Defendant

denies), then any such injury was caused by and/or contributed to by the acts and/or the

omissions of Plaintiffs themselves.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs are barred from recovery of damages based upon any purported claim for relief

contained in Plaintiffs' Complaint because and to the extent that Plaintiffs have failed to mitigate

their alleged damages.

## FORTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages Not Recoverable)

Plaintiffs are precluded from recovery of any punitive damages from Defendant under the

applicable provisions of the laws of each of the states at issue in this case, including, but not

limited to, the reason that Defendant acted in accordance with law and did not act with any

malice, oppression, or fraudulent intent.

## FORTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Fed. R. Civ. P. 23 Class Certification Requirements)

Plaintiffs' civil action against Defendant cannot proceed as a class action because the

alleged putative plaintiff class fails to meet the requirements of Federal Rule of Civil Procedure

Rule 23 and corresponding case law to maintain a class action.  Without limitation, the alleged

putative class is not ascertainable, lacks sufficient numerosity, does not possess sufficiently

predominant common and typical issues of law and fact, and does not have sufficient

commonality of injuries and damages to warrant class treatment. Further, the named Plaintiffs do not adequately represent the interests of the alleged putative plaintiff class, nor does their respective counsel fairly protect the interests of the alleged putative plaintiff class. Moreover, there is no benefit to litigants or the Court in maintaining this civil action as a class action, and class action status is not superior to maintaining this civil action as an individual action in the normal course of the judicial system.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Additional Affirmative Defenses)

Defendant currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** Defendant Nestlé Waters North America Inc. demands the entry of judgment dismissing Plaintiffs' Corrected Consolidated Amended Complaint with prejudice, and awarding such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

DEFENDANT,
NESTLÉ WATERS NORTH AMERICA INC.

By: */s/ Jonathan B. Tropp*
      Jonathan B. Tropp (ct11295)
      Day Pitney LLP
      195 Church Street, 15th Floor
      New Haven, CT 06510
      Telephone: (203) 977-7337
      Fax: (203) 901-1733
      jbtropp@daypitney.com

      Jeffrey M. Garrod (admitted phv)
      Craig A. Ollenschleger (admitted phv)
      ORLOFF, LOWENBACH, STIFELMAN &
          SIEGEL, P.A.

44 Whippany Road, Suite 100
Morristown, NJ 07960
Telephone:  (973) 622-6200
Fax: (973) 622-3073
jmg@olss.com
co@olss.com

Thomas B. Mayhew (admitted phv)
Farella, Braun & Martel LLP
235 Montgomery St., 30th Flr.
San Francisco, CA  94104
Tel.: (415) 954-4400
Fax: (415) 954-4480
tmayhew@fbm.com

Its Attorneys