UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK J. PATANE, et al.,    : | |
| : | |
| *Plaintiffs*,    : | |
| : | |
| v.    : | No. 3:17-cv-1381 (JAM) |
| : | |
| NESTLE WATERS NORTH    : | |
| AMERICA INC.,    : | |
| : | |
| *Defendant*.    : | |

**RULING ON LETTER MOTIONS**

Pending are plaintiffs' Motion to Compel, Doc. No. 470, and defendant's Cross-Motion for Protective Order and to Quash Subpoenas, Doc. No. 474.[1]  In this action, plaintiffs allege that defendant has engaged in a decades-long pattern of deception by falsely labeling its Poland Spring water products as "spring water," and that defendant's conduct has enabled it to unduly profit from the bottled spring water market because defendants are able to capture consumers of premium water who are willing to pay premium prices.  Doc. No. 160 at ¶¶ 14-15.  Defendants have asserted in affirmative defenses that plaintiffs' claims are barred because state regulators authorized defendant to label and sell their product as "spring water."  *See*, *e.g.*, Twelfth, Sixteenth, and Thirty-Sixth Affirmative Defenses, Doc. No. 260.

As admitted in defendant's motion, "[defendant]'s counsel have been investigating these review processes, communicating with appropriate authorities and witnesses, and drafting declarations [for state employee witnesses] that might be used [by defendant] in support of summary judgment."  Doc. No. 474, at 1.  Plaintiff now moves to compel production of the

---

[1] Although defendant does not use the word "quash" in its motion, it seeks both relief from party discovery (protective order) and preclusion of certain document requests in third-party subpoenas (quash) as to the same set of written materials.  *See* Doc. No. 474.

documents and communications exchanged between defendant's counsel and these third-party witnesses. Doc. No. 470. There appears to be no dispute that the documents and materials are responsive to plaintiff's Requests for Production 51 and 64; however, defendant objects that the materials are protected under the work product doctrine. Defendant asks that the materials be protected from disclosure, and further moves the Court to quash, in related part, document requests in subpoenas that plaintiff served on the state employee witnesses. Doc. No. 474. For the reasons that follow, plaintiff's motion is GRANTED and defendant's motion is DENIED, in part with prejudice and in part without prejudice.

### A. Party discovery

Turning first to defendant's objection to party discovery, "[t]he party asserting the protection afforded by the work product doctrine has the burden of showing both that the protection exists and that it has not been waived." *Audet v. Fraser*, No. 3:16-cv-940 (MPS), 2019 WL 285400, at *2 (D. Conn. Jan. 22, 2019) (Martinez, M.J.). As a preliminary matter, there is no indication that defendant has met its initial burden of generating a privilege log as required by Rule 26(b)(5), which by itself may operate as a waiver. *See Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 85 (S.D.N.Y. 2019) ("Withholding privileged materials without including the material in a privilege log may be viewed as a waiver of the privilege or protection."). Furthermore, even if the documents were the subject of a privilege log, defendant's disclosure of putative work product to the third-party state employee witnesses amounts to a waiver under the circumstances. "Generally speaking, the work product privilege should not be deemed waived unless disclosure is inconsistent with maintaining secrecy from possible adversaries." *Am. Oversight v. United States Dep't of Justice*, 45 F.4th 579, 593 (2d Cir. 2022); *see also Audet*, at *2 ("The test for waiver is whether the disclosure at issue has

substantially increased the opportunities for potential adversaries to obtain the information."); Wright & Miller, § 2024 (contrasting waiver of attorney-client privilege with waiver of work product protection).

### 1. Waiver by disclosure

"District courts in this Circuit have held that disclosure of work product to a third-party witness in the action waives [the protection] where the witness does not share a common interest with the disclosing party." *Subramanian v. Lupin Inc.*, No. 17-cv-5040 (RAK)(HP), 2019 WL 12038811, at *4 (S.D.N.Y. Sept. 4, 2019) (citing *Alexander Interactive Inc. v. Adorama*, 12-cv-6608, 2014 WL 12776440 (S.D.N.Y. June 17, 2014)); *S.E.C. v. Gupta*, 281 F.R.D. 169, 172-73 (S.D.N.Y. 2012); *In re Refco Inc. Securities Litigation*, 07-MDL-1902 (JSR), 08-cv-3065 (JSR), 08-cv-3086 (JSR), 2012 WL 678139 (S.D.N.Y. Feb. 28, 2012); *Ricoh Co. v. Aeroflex Inc.*, 219 F.R.D. 66, 70 (S.D.N.Y. 2003)).  Additionally, sharing protected information with the government carries the potential for it to be made public, particularly where there is no agreement as to confidentiality.  *See Audet*, 2019 WL 285400, at *2 ("Nothing in the record suggests that the disclosure was made pursuant to any agreement that the notes would be kept confidential.").  Here, defendant has disclosed the putative work product to witnesses (a) who had no ostensible common interest with defendant in this action, (b) who, in light of the affirmative defenses raised, were likely to be subpoenaed by the opposing party and questioned about the documents and communications that defendant's counsel sent to them, (c) who, based on the current record, appear to have given no assurances of maintaining confidentiality, and (d) whose documents and communications presumably could be obtained via FOIA requests.  On these facts, the Court concludes that the disclosure substantially increased the opportunities for

potential adversaries to obtain the information, which was readily foreseeable at the time the disclosures were made.

The two primary cases cited by defendant are distinguishable. The opinion of the trial court in *Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011), does not address the question of waiver. As for Judge Underhill's decision in *Lavatec Laundry Tech., GmbH v. Lavatec, Inc.*, No. 3:13-cv-00056 (SRU), 2014 WL 1665018, at *3 (D. Conn. Apr. 25, 2014), the facts were inapposite insofar as the third-party witness was a private party and was allied with the disclosing party, such that the court found that the disclosure did not substantially increases the opportunity for potential adversaries to obtain the information. Defendant also cites *Plew v. Ltd. Brands, Inc.*, No. 08-cv-3741 (LTS)(MHD), 2009 WL 1119414, at *3 (S.D.N.Y. Apr. 23, 2009) but, there again, the court found no work product waiver because the third party's interest was "aligned" with the disclosing party, and so it could "not [be] reasonably viewed as a conduit to a potential adversary."

There are two other assertions in defendant's letter motion that warrant comment. *First*, defendants argue that plaintiff has no merits-based purpose for discovering the information exchanged between defendant's counsel and the government witnesses but, instead, merely wants to gain a strategic advantage. *See* Def. Mtn., Doc. No. 474, at 3 (arguing that "whatever need Plaintiffs may have to discover *facts* related to the regulatory process (which is in issue), they have no need to discover *NWNA's investigation* (which is not)"). However, this information may shed light on the knowledge base, credibility, and potential biases of these witnesses, which is material here given that (a) defendant's affirmative defenses cite the decisions of state regulators as a shield from liability, (b) the witnesses appear to have provided substantive


responses to questions from defendant's counsel pertaining to their decision-making, *see, e.g.*, Doc. No. 470-1, at 35-37, and (c) defendant has sought affidavits from these witnesses in support of a potential motion for summary judgment. Accordingly, there are legitimate bases for plaintiff's inquiry. *Second,* defendant contends that not only should plaintiff be precluded from discovering the written materials, but also that plaintiff should be foreclosed from asking deposition questions about the information that the witnesses exchanged with defendant's counsel. *See* Def. Mtn., Doc. No. 474, at 3 (arguing that "because work product 'may also encompass deposition testimony concerning the substance of that work-product,' *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-cv-973 (KAD), 2019 WL 2323890, at *4 (D. Conn. May 31, 2019), the Court should foreclose the inquiry"). This argument illustrates the far-reaching impacts if defendant's communications to/from third-party state regulators, whose decisions are the foundation of certain defenses, were cloaked with work product protection. Defendant would obtain not merely protection of written materials but also the potential ability to influence, without scrutiny, the testimony of third parties that defendant is holding out as independent and authoritative. That cannot pass. As Judge Rakoff observed when addressing a party's sharing of work product with a third-party witness in preparation for his deposition by the opposing party: "The ability of a party to meet with a non-party witness, show him documents and ask him questions, and then mask the entire preparation session in the cloak of work product protection would serve to facilitate even the most blatant coaching of a witness if it could not be the subject of inquiry. To allow the invocation of work product protection to succeed in such circumstances would leave the party taking a deposition with no remedy to determine how, if at all, a witness's testimony was influenced, not by advice from the witness's own counsel, but by suggestions from the questioner's adversary . . . ." *S.E.C. v. Gupta*, 281 F.R.D. 169, 173 (S.D.N.Y. 2012)

(finding waiver by disclosure). The Court does not suggest that the communications with the third-party witnesses was improper; however, plaintiffs are certainly entitled to explore whether their anticipated testimony in this matter has been shaped or influenced in any way through their exchanges with defendant or its counsel.

### 2. At issue waiver

Furthermore, separate from waiver by disclosure, courts have also found "at issue" waiver of work product protection where the materials are directly pertinent to facts asserted by the party, such that withholding the protected materials would be unfair. "[I]n certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted. . . . We have said that this kind of unfairness may arise when a party[ ] advance[es] a claim to a court or jury (or perhaps another type of decision maker) while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *New York Times Co. v. United States Dep't of Justice*, 939 F.3d 479, 495 (2d Cir. 2019) (citations and quotation marks omitted); *see*, *e.g.*, *United States v. Nobles*, 422 U.S. 225, 241 (1975) (in criminal case, precluding defendant's investigator from testifying about credibility of prosecution witnesses without first disclosing his contemporaneous written observations). Because defendant, in its affirmative defenses, seeks refuge in the independent conclusions of government regulators, it cannot fairly prevent plaintiff from examining whether that putative independence or their recollection of the underlying decision was influenced by documents and communications sent to the government witnesses by defendant's counsel, including draft affidavits in which defendant's counsel sought to marshal the facts for the witnesses' review. In short, all information that defendant exchanged with the

state regulators regarding the regulatory decisions cited in the affirmative defenses are relevant subjects of inquiry.  Having put such information at issue, defendant cannot fairly withhold it.

### B. Subpoena requests

Turning to defendant's motion to quash, the Court lacks jurisdiction to adjudicate defendant's motion to quash the subpoenas served on deponents in Maine, New Hampshire, New Jersey, and Rhode Island.  A motion to quash must be brought in the district where compliance is required.[2]  Fed. R. Civ. P. 45(d)(3)(A).  Some of the above-listed subpoenas are for in-person depositions, which are clearly not in this district.  As for depositions to be taken via Zoom, the Court deems the place of compliance to be where the deponent is located, which again is not in this district.  *See*, *e.g.*, *Russell v. Maman*, No. 18-cv-6691-RS (AGT), 2021 WL 3212646, at *1 (N.D. Cal. July 29, 2021); *cf. Broumand v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021) (quashing subpoena for remote hearing testimony after deeming place of compliance to be the location of the hearing).

There is only one subpoena (Greene) that calls for compliance in this district.  In addition to deposition testimony, that subpoena seeks "All communications between (a) Frank Greene or the Connecticut Department of Consumer Protection and (b) Defendant Nestle Waters North America Inc. or its counsel relating to (i) the anticipated subject matter of Mr. Greene's deposition or questioning by either Defendant or Plaintiffs; and (ii) the existence of, proceedings in, or subject matter or merits of, this lawsuit."  Based on the above analysis, the Court overrules

---

[2] Defendant's motion to quash the subpoena requests cannot be recharacterized as a motion for protective order to avoid the location rule.  Whereas a party has standing to move to quash a subpoena to prevent third-party disclosure of information in which the party has a privacy interest, including protected work product, *see GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-1222 (VAB), 2020 WL 6375562, at *5 (D. Conn. Oct. 30, 2020), a motion for protective order may only be brought by "the party from whom discovery is sought.  *See* Fed. R. Civ. P. 26(c).

defendant's claim of work product protection as to responsive materials and declines to quash or modify the Greene subpoena.

### C. Conclusion

For all the foregoing reasons, plaintiff's Motion to Compel (Doc. No. 470) is GRANTED and defendant's Motion for Protective Order (raised in Doc. No. 474) is DENIED.  Defendant has waived its claim of work product protection over materials responsive to RFP 51 and RFP 64, and the objection is overruled.  As a clarifying note, the requests are self-limited to documents or communications actually exchanged, so this ruling does not disturb the protection over work product that defendant has not disclosed to third parties and which is therefore not responsive to the requests.  Defendant shall produce all materials within the scope of this order on or before **October 5, 2022 at 12:00 p.m.**

Additionally, defendant's Motion to Quash (raised in Doc. No. 474) is DENIED WITH PREJUDICE as to the Greene subpoena and DENIED WITHOUT PREJUDICE as to the other subpoenas.

This is not a recommended ruling.  This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED, this 4th day of October, 2022, at Bridgeport, Connecticut.

*/s/ S. Dave Vatti*
S. DAVE VATTI
United States Magistrate Judge