## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK J. PATANE, JULIE HARDING, HEATHER HARRIGAN, STEPHEN S. SHAPIRO, CATHERINE PORTER, ERICA RUSSELL, TINA MORETTI, BRIDGET KOPET, JENNIFER S. COLE, BENJAMIN A. FLETCHER, and DIANE BOGDAN and PARESHKUMAR BRAHMBHATT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> NESTLE WATERS NORTH AMERICA, INC., <br><br> Defendant. | CIVIL ACTION NO. 17-cv-01381(JAM) <br><br> ECF CASE <br><br> <u>CLASS ACTION</u> <br><br> ALL CASES <br><br><br><br><br><br><br><br> February 1, 2023 |

### DECLARATION OF CRAIG A. OLLENSCHLEGER

CRAIG A. OLLENSCHLEGER, of full age, declares as follows:

1. I am counsel for defendant Nestlé Waters North America Inc. ("NWNA"), which is now known as BlueTriton Brands, Inc. I make the following statements in opposition to Plaintiffs' motion to compel discovery from NWNA based on my personal knowledge.

2. On January 11, 2023, counsel for the parties met and conferred about certain discovery issues raised by Plaintiffs. During this meet and confer, Plaintiffs raised only two discrete issues concerning data belonging to Information Research, Inc. ("IRI").

3. The first IRI issue raised by Plaintiffs during the January 11, 2023, meet and confer concerned IRI proprietary data that had been redacted from certain marketing documents produced by NWNA to Plaintiffs several months ago. Plaintiffs requested that these reports be produced without any redactions.

4. In an attempt to address Plaintiffs' request for IRI's proprietary data, NWNA informed Plaintiffs of its IRI contract, which expressly requires Redacted .

5. After providing its IRI contract to Plaintiffs, NWNA offered to seek IRI's consent to comply with Plaintiffs' request for IRI data if Plaintiffs would agree to pay for any expenses associated with IRI's compliance. Plaintiffs rejected NWNA's offer.

6. The second IRI issue raised by Plaintiffs during the January 11, 2023, meet and confer concerned an informal request made by Plaintiffs during the Rule 30(b)(6) deposition of Ms. Laetitia Allexant for market share information she had reviewed prior to her deposition.

7. On May 11, 2022, NWNA designated Ms. Allexant as its Rule 30(b)(6) witness on four specific topics: reasons for changes in the labeling of Poland Spring® and Pure Life® bottled water products; marketing of Poland Spring® bottled water products; NWNA's understanding of consumer preferences, beliefs, or preferences concerning bottled water products and types of such products; and studies of consumer preferences for different types of bottled water. [Annexed hereto as Exhibits A and B, respectively, are copies of excerpts from Plaintiffs' Notice of Rule 30(b)(6) Deposition and of a May 11, 2022, e-mail designating Ms. Allexant as NWNA's Rule 30(b)(6) witness on the foregoing topics.] NWNA's market share was not a Rule 30(b)(6) topic on which Ms. Allexant was designated to testify.

8. No other IRI-related discovery issues were raised by Plaintiffs during the parties' January 11, 2023, meet and confer. Specifically, Plaintiffs did not raise or address with NWNA any issue concerning NWNA's wholesale production of all IRI data or information. Nor did

Plaintiffs raise or address NWNA's responses to any of the seven document requests that they now cite as a basis for their present motion to compel.

9. Back on April 23, 2021, Plaintiffs filed a motion to compel NWNA to produce IRI data and information that NWNA had purchased from IRI and which related to retail prices and sales volume of Poland Spring® and Pure Life® bottled water in eight states. [*See* ECF 307].

10. Months after Plaintiffs' motion to compel IRI data had been fully briefed and argued before the Court, Plaintiffs voluntarily withdrew their motion to compel IRI data after they elected to purchase IRI data directly from IRI.

11. On December 21, 2021, Plaintiffs filed a status report informing the Court that "Plaintiffs also purchased data from non-party Information Research, Inc. ('IRI') pursuant to a contract negotiated after Plaintiffs served IRI with a subpoena." [ECF 393]. Annexed hereto as Exhibit C is a copy of an excerpt from Plaintiffs' status report, ECF 393.

12. On January 27, 2022, in open court, Plaintiffs formally withdrew their motion to compel IRI data based on their decision to purchase the data directly from IRI. Annexed hereto as Exhibit D is a copy of an excerpt from the transcript of the January 27, 2022, hearing during which Plaintiffs formally withdrew their motion to compel IRI data.

13. As of one year ago and until Plaintiffs' recent limited requests discussed in paragraphs 2-7 above, there was no pending discovery dispute concerning IRI data. When NWNA agreed to extensions of the October 31, 2022, deadline to present fact discovery disputes to the Court, it was not to permit Plaintiffs to assert a new discovery dispute regarding all IRI data or concerning any of the seven requests now being raised by Plaintiffs. [*See* ECF 493 & 517].

I declare under penalty of perjury that the forgoing is true and correct.

>*/s/  Craig A. Ollenschleger*
>CRAIG A. OLLENSCHLEGER

Executed on February 1, 2023
Morristown, New Jersey

4