

THOMAS B. MAYHEW
tmayhew@fbm.com
D 415.954.4948

February 13, 2023

VIA CM/ECF

Honorable Judge S. Dave Vatti
United States Magistrate Judge for the District
of Connecticut
Brien McMahon Federal Building
United States Courthouse
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re: *Patane, et al. v. Nestlé Waters North America, Inc.*
  Case No. 17-cv-01381-JAM

Dear Honorable Judge Vatti:

Following up on the discussion about the nonresponsive Woodard & Curran documents issue discussed at the hearing last Wednesday, Febuary 8, 2023. I want to correct and clarify one statement I made in response to a question from the Court.

The Court asked at one point whether all documents withheld from production were non-responsive to categories 1-8 in the subpoena to Woodard & Curran. In preparing for the hearing, I had focused on category 7, the only category that plaintiffs had sought to compel, and because NWNA contends that the documents withheld are not responsive to that category (documents relating to the augmentation wells system), and are not relevant to the spring water standard of identity, I answered "yes."

After the hearing, I went back and looked at the Woodard & Curran subpoena. In fact, it does include requests for documents about contamination of groundwater (item 3(g)), or documents about water quality from boreholes (item 3(d)), but these were not the subjects of the motion. Both NWNA and Woodard & Curran had objected to these requests, and plaintiffs have long stated that this case is not about contamination or quality. For example, during oral argument of NWNA's motion to dismiss plaintiffs' amended complaint, plaintiffs' counsel Oleg Elkhunovich stated:

> Again, we're not alleging in this case that this water is not appropriate for consumption. It was in my hotel this morning. That's not the point of this case. The point of the case is that consumers are

Honorable Judge Vatti
February 13, 2023
Page 2



       being overcharged for a product on the basis that it's something that it's not.

[ECF 262 (T51:11-16)].  (Incidentally, this quotation from plaintiffs' counsel earlier in the case is also the citation the Court asked us to provide in response to another question.)

      No motion to compel those documents from Woodard & Curran has been filed.  While other comments I made during the hearing made clear that NWNA opposes production of documents about potential contamination or water quality, or testing done solely of a particular analyte in boreholes where there is no testing of the springs (and indeed, the redaction issue turns on these same points), the answer to the Court's question about whether all of the documents were non-responsive to "categories 1-8" should have been "no," with the explanation that categories other than category 7 were not at issue.

      Because we had not briefed the issue on the motion, and I had focused on responsiveness to the only request at issue on the motion (Woodard & Curran request 7), my answer to the Court was inaccurate.  In reviewing the information to be submitted in camera for responsiveness, NWNA believes that the Court should focus on request 7, as relevant to standard of identity, rather than all eight categories.  This is particularly true in light of the fact that some of the documents sought in the subpoena, including particularly those responsive to items 3(d) and 3(g), were not sought in requests to NWNA, and so any motion practice about the proper scope of Woodard & Curran's obligation to produce pursuant to these subpoena requests should have been brought in Maine, as Your Honor noted at the first hearing on this motion.

      I apologize for my misstatement and hope that this prompt clarification is helpful to the Court.  Should the Court wish, we are available at the Court's convenience to reconvene to address this issue or to submit promptly further short briefing on it.

      Respectfully submitted,

      FARELLA BRAUN + MARTEL LLP

      Thomas B. Mayhew

TBM:tb

32640\15289377.1