UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK J. PATANE, JULIE HARDING, HEATHER HARRIGAN, STEPHEN S. SHAPIRO, CATHERINE PORTER, ERICA RUSSELL, TINA MORETTI, BRIDGET KOPET, JENNIFER S. COLE, BENJAMIN A. FLETCHER, DIANE BOGDAN, and PARESHKUMAR BRAHMBHATT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NESTLE WATERS NORTH AMERICA, INC.<br><br>Defendants. | Case No. 17-cv-01381-JAM<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>**MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFFS' INITIAL EXPERT DISCLOSURES**<br><br>**September 11, 2023** |

Pursuant to this Court's April 6, 2022, and February 21, 2023, Scheduling Orders, ECF 441; ECF 546, and Federal Rules of Civil Procedure 26(a)(2)(E) and 26(e), and based on a specific showing of need, Plaintiffs move for leave to supplement their initial expert disclosures narrowly to respond to new, previously undisclosed data, analyses, and opinions produced to Plaintiffs for the first time in Defendant Nestlé Waters North America, Inc.'s ("Nestlé") August 1, 2023, responsive expert reports.

# I.
# INTRODUCTION

The Court's Scheduling Order intentionally did not set a deadline for Plaintiffs to serve rebuttal expert reports. Acknowledging this, the Court "underst[ood] the potential reasons why a supplemental expert might be necessary" and ordered that it would consider a future motion for leave to supplement expert disclosures "at an appropriate time and upon a specific showing of need." ECF 441. The present circumstances satisfy the Order's need and timing requirements given the limited, responsive supplemental or rebuttal reports Plaintiffs seek to add to the record. Further, and critically, Federal Rule of Civil Procedure 26 *requires* Plaintiffs to supplement their opening expert disclosures based on the newly presented information and analysis.

Nestlé's expert reports contain brand new analysis, which Plaintiffs' experts could not have anticipated in their opening reports, and which are based in part on previously undisclosed data and information. For example, the expert report of Dr. Itamar Simonson not only opines on the substance of Plaintiffs' experts' analyses, but also introduces an alternative consumer survey that Nestlé retained him to design. *See* Ex. A (Simonson Rep.) at ¶¶ 11, 100–147. Defense experts Keith Ugone and Michael Bellas likewise present in their response reports alternative analysis and opinions based on previously unproduced retail sales data from third-party IRi for a subset of Nestlé's Poland Spring brand bottled water products, distinct from the IRi retail sales data that Plaintiffs purchased in the midst of briefing on their motion to compel sales data (and which Plaintiffs produced to Nestlé during fact discovery). *See* Ex. B (Ugone Rep.) at ¶ 38(a); Ex. G (Bellas Rep.) at 2, 5–17, 65; ECF 307 (motion to compel). Nestlé also retained a

dendochronologist, Stephen Gettle, to inspect and determine the age of certain trees at Nestlé's Evergreen well site in Fryeburg, Maine, to respond to Plaintiffs' expert Donald Siegel's opinions on the man-made nature and excavation of the Evergreen site. *See, e.g.*, Ex. C (Gettle Rep.) at 1–2. Plaintiffs have a "specific . . . need" to respond to this new affirmative evidence with supplemental or rebuttal expert reports. ECF 441.

This motion's timing also is appropriate. Plaintiffs served Nestlé with their proposed supplemental and rebuttal expert reports contemporaneously with this filing, giving Nestlé notice of Plaintiffs' supplemental expert opinions before their scheduled depositions and well in advance of the October 2, 2023, expert discovery deadline. And because Plaintiffs' proposed supplemental disclosures narrowly respond to new—and reasonably previously unanticipated—analysis and data, the proposed disclosures do not risk inviting "an infinite cycle of expert disclosures" as ordered by the Court. ECF 441. Now is therefore the "appropriate time" for Plaintiffs to seek leave to supplement their initial expert disclosures under the Scheduling Order.

Additionally, the federal civil discovery rules support Plaintiffs' request. Indeed, Rule 26 requires Plaintiffs to supplement their expert disclosures, including based on new information that was not disclosed during discovery. *See, e.g.*, Fed. R. Civ. Proc. 26(a)(2)(E) ("The parties *must* supplement these [expert] disclosures when required under Rule 26(e)." (emphasis added)).

Plaintiffs thus respectfully request leave to supplement expert disclosures with the attached supplemental reports of Drs. Dennis and Johnson and rebuttal report of Dr. Leopold.

## II.
## RELEVANT FACTS

On March 7 and 11, 2022, Plaintiffs and Nestlé submitted their respective proposed pretrial schedules. ECF 425; ECF 431. Plaintiffs requested a supplemental expert report deadline, which Nestlé opposed. *Id.* The Court heard argument on the competing schedules, including the dueling requests regarding expert discovery deadlines, on April 5, 2022, and issued the Scheduling Order the following day. ECF 441. The Order set opening and responsive expert report deadlines but not supplemental "reply" reports, noting:

> The Court has not set any date at this time for disclosure of supplemental expert reports as requested by the plaintiffs. The Court understands the potential reasons why a supplemental expert might be necessary and will consider any motion for leave to disclose supplemental experts at an appropriate time and upon a specific showing of need and will further consider any corresponding requests for sur-rebuttal expert disclosures by defendant. However, the Court cautions that it does not intend to permit an infinite cycle of expert disclosures and that the parties ought to carefully consider their expert witness needs so that expert discovery may be closed by the [then] May 31, 2023, deadline set by the Court.

*Id.*; *see also* ECF 546 (continuing expert discovery deadlines and referring to ECF 441's "instruction and clarification… concerning any motions for leave to disclose supplemental experts"). The Court twice amended the April 6, 2022, Scheduling Order at the parties' joint request, ultimately setting the following expert discovery deadlines that govern this case:

| Deadline | Date |
|---|---|
| Initial expert reports on any issue for which a party bears the burden of proof | April 3, 2023 |
| Rebuttal expert reports | August 1, 2023 |
| Expert discovery due | October 2, 2023 |

*See* ECF 497; ECF 546.

Plaintiffs served opening expert reports on April 3, 2023, in compliance with the Scheduling Order. Cuevas Decl. ¶ 4. Nestlé served responsive expert reports on August 1, 2023, but continued producing the underlying materials their experts relied on to arrive at their opinions through, as relevant here, August 15, 2023.[1] *Id.* ¶¶ 5–6. Contemporaneously with this filing, Plaintiffs serve Nestlé with the proposed supplemental and rebuttal expert reports of Dr. Mike Dennis, Dr. Philip Johnson, and Dr. Donald Leopold. *Id.* ¶ 20.

Nestlé will depose Drs. Johnson and Dennis on September 21 and 22, 2023, respectively. *Id.* ¶¶ 9, 11. Plaintiffs already have confirmed (and notified Nestlé) that Dr. Leopold is available

---

[1] Nestlé continued to produce underlying expert materials through August 31, 2023, with production corrections through September 5, 2023, for expert Charles Fitts. *See* Cuevas Decl. ¶ 7. This motion does not seek leave to supplement Plaintiffs' opening expert disclosures to respond to the Fitts report, but Plaintiffs reserve their rights to seek leave to supplement their opening expert disclosures as the federal discovery rules require based on additional expert discovery, including depositions scheduled of Nestlé's experts scheduled for later this month.

3

for deposition on or before October 2, 2023. *Id.* ¶ 2. The depositions of Nestlé's experts are scheduled for September 21 (Mr. Gettle), September 27 (Dr. Simonson), and September 29 (Dr. Ugone). *Id.* ¶¶ 10, 12. Mr. Bellas's deposition was scheduled for September 11, but Nestlé cancelled that deposition on September 8. *Id.* ¶ 8.

## III.
## ARGUMENT

**A.     Plaintiffs have made a specific showing of need to supplement expert disclosures.**

This motion seeks leave to supplement Plaintiffs' initial expert reports to add to the record limited additional expert analyses that directly respond to affirmative, unanticipated expert analyses as well as previously undisclosed data Nestlé's experts submitted with their responsive reports. Specifically, Plaintiffs seek leave to (1) supplement the expert report of Dr. Michael Dennis to respond to the alternative consumer survey and related opinions Nestlé's expert Dr. Simonson offered in his response report; (2) supplement the expert report of Dr. Philip Johnson to respond to the analyses and opinions of Nestlé's experts Dr. Ugone and Mr. Bellas who relied on alternative bottled water sales data from third-party IRi that was never produced to Plaintiffs during fact discovery; and (3) serve the proposed expert rebuttal report of Dr. Donald Leopold, which responds to Mr. Gettle's conclusions and dendrochronology analysis regarding the excavation of Nestlé's Evergreen well site.

Plaintiffs have a specific need to supplement expert disclosures in this limited way. Dr. Simonson's report not only provides his evaluation of Dr. Dennis's consumer perception and conjoint surveys, but also summarizes an alternative consumer survey that he conducted to evaluate how Nestlé's deceptive labels impact consumer purchasing decisions. Plaintiffs could not reasonably have anticipated Dr. Simonson's independent, affirmative analysis in Dr. Dennis's April 3, 2023, initial report because, although Dr. Simonson conducted the survey in November 2021, Nestlé first disclosed the fact of the survey, related expert opinions, and underlying materials when serving the Simonson Report on August 1, 2023—nearly four months

4

after service of the Dennis Report. Plaintiffs should be permitted to supplement Dr. Dennis's initial report with an evaluation of Nestlé's independent, competing experimental design survey.

Likewise, Plaintiffs should be permitted to respond to Dr. Ugone and Mr. Bellas' expert opinions that are based (in whole or in part) on bottled water sales data that Nestlé obtained from third-party IRi but never disclosed during fact discovery. Plaintiffs only discovered this new, alternative IRi sales data when Nestlé served its expert reports on August 1. Because Plaintiffs' experts could not have used the unproduced IRi data in conducting their analyses over five months ago, Plaintiffs have shown a specific need to supplement their expert disclosures based on that newly produced information.

Plaintiffs also have shown a specific need to supplement the record with the attached proposed rebuttal report from Dr. Leopold, an ecologist whom Plaintiffs retained in August 2023 specifically to respond to Mr. Gettle, Nestlé's dendrochronology expert. Plaintiffs' hydrogeology expert Dr. Siegel conducted analysis concerning Nestlé's supposed springs, including opinions regarding an excavated hill at the Evergreen site. In response, Nestlé submitted Mr. Gettle's dendrochronology—*i.e.*, tree-ring dating—analysis of four trees located at the Fryeburg, Maine site to dispute Dr. Siegel's opinions regarding the excavation. Neither Dr. Siegel's nor any other of Plaintiffs' initial expert reports included dendrochronology related opinions to show that the Evergreen site fails to comply with the standard of identity, and Plaintiffs are entitled to respond to this new methodology so that the jury may fairly consider all available evidence.

B.     Now is the "appropriate time" for supplementing Plaintiffs' expert disclosures.

Expert discovery is still ongoing and does not close until October 2, 2023. Plaintiffs' instant request for leave to supplement their initial expert disclosures will not require amending the current pretrial schedule. Nestlé is on notice of Plaintiffs' proposed supplemental and rebuttal expert opinions, having received them contemporaneously with this motion. Nestlé has plenty of time to prepare for the upcoming scheduled depositions of Drs. Dennis and Johnson, as well as the depositions of each of their own experts. *See* Cuevas Decl. ¶¶ 9–12. And Plaintiffs have offered to produce Dr. Leopold for deposition by the end of expert discovery if Nestlé elects to

5

take it. This motion therefore comes at "an appropriate time" under the governing Scheduling Order. ECF 441.

Furthermore, Plaintiffs' proposed supplemental reports will not necessitate any "requests for sur-rebuttal expert disclosures" from Nestlé because the proposed supplemental reports' opinions and analyses are limited to responding directly to new, affirmative evidence in Nestlé's expert reports that Plaintiffs' experts could not have anticipated in their initial expert reports, as opposed to the bare criticisms of Plaintiffs' experts' methodologies and analyses. This motion therefore does not risk "an infinite cycle of expert disclosures," or even the continuance of the pretrial schedule to accommodate any (unnecessary) sur-rebuttal expert reports.[2]

**C.  Longstanding authority supports supplementing Plaintiffs' expert disclosures.**

Finally, black-letter law and long-established Second Circuit precedent support this motion. In fact, Federal Rule of Civil Procedure 26 mandates that Plaintiffs supplement their initial expert disclosures based on the discovery of new evidence and information not previously available. Fed. R. Civ. Proc. 26(a)(2)(E) ("The parties *must* supplement these [Rule 26(a) expert] disclosures when required under Rule 26(e)." (emphasis added)), (e)(1)(A) ("A party who has made a disclosure under Rule 26(a) . . . *must* supplement . . . its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete . . . , and if the additional . . . information has not otherwise been made known to the other parties during the

---

[2] During the parties' meet and confer on the subject of this motion, Nestlé conditioned any agreement that Plaintiffs serve limited supplemental and rebuttal expert reports on Plaintiffs' agreement that (1) Nestlé be permitted to serve sur-rebuttal reports in response, (2) the parties continue the pretrial schedule by 45–60 days, and (3) the Bellas deposition be adjourned. Recognizing the futility of reaching such an agreement in a vacuum, before Nestlé had occasion to review the proposed supplemental reports, Plaintiffs proposed the following compromise proposal: in exchange for stipulating to Plaintiffs' proposed supplemental reports, (1) the parties adjourn discussions regarding sur-rebuttal reports until Nestlé reviews Plaintiffs' proposed supplemental and rebuttal reports to determine whether there is in fact a "specific need" for sur-rebuttal reports in accordance with the Court's Scheduling Order; (2) the parties continue pretrial deadlines by 30 days to accommodate any potential sur-rebuttal reports (giving Nestlé 51 days to prepare and serve any sur-rebuttal reports before close of expert discovery); and (3) the parties reschedule the Bellas deposition. Nestlé did not accept Plaintiffs' proposal and unilaterally cancelled the Bellas deposition.

6

discovery process or in writing." (emphasis added)); *see also* Fed. R. Civ. P. 26(e)(2) (creating a "duty to supplement" expert reports by the pretrial disclosure deadline).[3]

Caselaw in this District interpreting Rule 26 likewise supports supplementation here, where Nestlé's responsive expert reports contain information and opinions that were previously unknown and unavailable, thus rendering Plaintiffs' initial expert reports inaccurate or misleading for incompleteness. *See, e.g.*, *Levinson v. Westport Nat. Bank*, No. 3:09-CV-1955 VLB, 2013 WL 3280013, at *4 (D. Conn. June 27, 2013) (explaining a plaintiff's "duty to supplement" initial expert reports arises when "the expert *subsequently* learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete" (quoting *Innis Arden Golf Club v. Pitney Bowes, Inc.,* Np.3:06CV1352(JBA), 2009 WL 5873112, at *3 (D. Conn. Feb. 29, 2009))). And Nestlé cannot reasonably claim any prejudice from the proposed supplemental expert disclosure because both sides' "expert depositions have not been taken and no trial date has been set." *S.W. v. City of New York*, No. CV 2009-1777 ENV MDG, 2011 WL 3038776, at *4 (E.D.N.Y. July 25, 2011).

It is long established in this Circuit that "the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996). The Court should exercise that broad discretion here and permit Plaintiffs to supplement their initial expert disclosures.

## IV.
## CONCLUSION

Nestlé's expert reports contained new affirmative analysis and methodologies and relied on previously undisclosed data and information, which Plaintiffs could not reasonably have

---

[3] Where a party's expert disclosure "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," and there is no court order as to the timing of disclosing expert testimony, the party "must make the[] disclosure. . . within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, there is a Scheduling Order governing expert disclosures that requires Plaintiffs to seek leave to supplement, so the 30-day rule does not apply. In fact, service of a rebuttal report within 30 days of receiving Nestlé's responsive reports under Rule 26(a)(2)(D)(ii) would have run afoul of this Court's Scheduling Order.

7

anticipated over five months ago when they served initial expert reports, providing Plaintiffs with the necessary "specific showing of need" to supplement their opening reports. This motion comes at the "appropriate time" because Plaintiffs' proposed supplemental or rebuttal expert reports respond only to the newly produced information and analyses, do not necessitate any sur-rebuttal reports or extension of the current pretrial schedule as a result, and still leave ample time for Nestlé to review the proposed supplemental disclosures and prepare for the within-expert-discovery depositions of Dr. Dennis, Dr. Johnson, and Dr. Leopold, as well as their own experts' depositions. Plaintiffs therefore respectfully request leave to supplement their initial expert disclosures as the Scheduling Order contemplates and Rule 26 requires.

Dated: September 11, 2023

Respectfully submitted,

*/s/ Jesse-Justin Cuevas*
Oleg Elkhunovich (phv09180)
Steven G. Sklaver (phv09181)
Bryan Caforio (phv10031)
Jesse-Justin Cuevas (phv11030)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
oelkhunovich@susmangodfrey.com
ssklaver@susmangodfrey.com
bcaforio@susmangodfrey.com
jcuevas@susmangodfrey.com

Max Straus (phv10042)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Phone (212) 336-8330
mstraus@susmangodfrey.com

Alexander Schmidt (pro hac vice)

ALEXANDER H. SCHMIDT, ESQ.
Fairways Professional Plaza
5 Professional Circle, Suite 204
Colts Neck, NJ 07722
Phone: (732) 226-0004
alex@alexschmidt.law

Steven N. Williams (pro hac vice)
Christopher K.L. Young (pro hac vice)
Kathleen McMahon (pro hac vice pending)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, CA  94108
Tel:     (415) 500-6800
swilliams@saverilawfirm.com
cyoung@saverilawfirm.com
kmcmahon@saverilawfirm.com
*Plaintiffs' Interim Co-Lead Counsel*

Craig A. Raabe (ct04116)
Robert A. Izard (ct01601)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
Phone: (860) 493-6292
craabe@ikrlaw.com
rizard@ikrlaw.com
cbarrett@ikrlaw.com

*Plaintiffs' Interim Liaison Co-Counsel*