UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK J. PATANE, JULIE HARDING, HEATHER HARRIGAN, STEPHEN S. SHAPIRO, CATHERINE PORTER, ERICA RUSSELL, TINA MORETTI, BRIDGET KOPET, JENNIFER S. COLE, BENJAMIN A. FLETCHER, DIANE BOGDAN and PARESHKUMAR BRAHMBHATT, Individually and on Behalf of All Others Similarly Situated, | : : : : : : : : : : | CIVIL ACTION NO. 17-cv-01381(JAM)(SDV) ECF CASE CLASS ACTION ALL CASES |
| Plaintiffs, | : : | |
| v. | : : : | |
| NESTLE WATERS NORTH AMERICA, INC., | : : : | APRIL 8, 2024 |
| Defendant. | : | |

### DEFENDANT'S MEMORANDUM IN PARTIAL SUPPORT OF PLAINTIFFS' MOTION TO SEAL (ECF NO. 689)

Pursuant to D. Conn. L. Civ. R. 5, Defendant Nestlé Waters North America Inc. ("NWNA," now known as BlueTriton Brands, Inc.) respectfully submits this memorandum in partial support of Plaintiffs' motion to seal certain exhibits submitted by Plaintiffs in connection with their opposition to NWNA's pending motion for summary judgment. (ECF No. 689.) In particular, NWNA asks the Court to seal Plaintiffs' Exs. 75-80.

On December 19, 2023, NWNA filed its motion for summary judgment. (ECF No. 608.) In conjunction with that motion, NWNA sought to file certain confidential exhibits under seal. (ECF No. 594.) Plaintiffs opposed NWNA's motion to seal. (ECF No. 669.) On March 1, 2024, after having heard the parties, the Court "reserve[d] decision on defendant's [594] Motion to Seal until all briefing is completed in connection with defendant's [608] motion for summary

judgment." (ECF No. 688.) As a consequence of the Court's Order, the summary judgment exhibits submitted by NWNA under seal pursuant to Local Rule 5 remain provisionally under seal.

On March 18, 2024, Plaintiffs filed their papers in opposition to NWNA's pending motion for summary judgment. In conjunction with their opposition papers, Plaintiffs filed a motion to seal certain confidential exhibits. (ECF No. 689.) Plaintiffs moved to seal Exs. 6-8, 30-32, 57, 60, 67-70, 73-80, 109-111, and 142-149.[1] Despite seeking this relief with respect to materials designated confidential by NWNA, as required by Local Rule 5, Plaintiffs oppose their own motion with respect to all but Exs. 142-149. With respect to Exs. 142-149, which Plaintiffs assert contain *their* confidential information, Plaintiffs do ask the Court to seal.

NWNA has reviewed the materials submitted by Plaintiffs under seal. NWNA takes no position with respect to Plaintiffs' Exs. 142-149. Further, NWNA takes no position with respect to Exs. 6-8, 30-32, 57, 60, 67-70, 73-74, and 109-111. These documents include confidential information, but NWNA acknowledges the public's right of access to such information in view of their new status as judicial documents. However, NWNA *does* request that the Court grant Plaintiffs' motion to seal with respect to Exs. 75-80. These confidential exhibits include information of such a sensitive nature – particularly in view of Plaintiffs' insistent mischaracterization of their content and import – that NWNA's right to privacy exceeds the public's right of access. (*See* ECF Nos. 594 & 678.)

Exhibits 75-80 comprise photographs taken at NWNA's spring sites. Plaintiffs obtained each of these photographs in this litigation through compulsory discovery, either by subpoena, document request, or court-ordered inspection. There is no dispute that each is confidential. Plaintiffs' oppose sealing merely because – by reason of their own filing – they believe each of

---

[1] Ex. 32, an excerpt from the deposition of Scott Whitney, is incorrectly numbered "Ex. 31" in Plaintiffs' motion.

these exhibits has become a "judicial document," subject to heightened scrutiny for the public interest.

In fact, these photos have nothing to do with the legal or factual issues in the summary judgment motion. The fact that certain man-made features are present at these spring sites is irrelevant to whether Poland Spring® bottled water is spring water. These man-made features simply do not bear on the legal question whether "water flows naturally to the surface of the earth," and are irrelevant to the arguments in NWNA's summary judgment motion. Indeed, Plaintiffs' own expert agrees that water discharges naturally to the surface at each of that at-issue spring sites.

Moreover, Plaintiffs' summary judgment opposition papers do not rely on these images to argue otherwise. Rather, mischaracterizing the photos and their import, Plaintiffs assert without factual basis that NWNA intended the depicted man-made features to deceive consumers and regulators. There is no evidence in the record that consumers ever saw any of these features (and there is affirmative evidence that Plaintiffs themselves did not); nor is there any evidence that regulators took any stock of any of these features, let alone were duped by them.

Whatever Plaintiffs' motives may have been for putting these documents on the record, public disclosure at this time would gratuitously smear NWNA and cause it reputational harm. (*See* ECF Nos. 594 & 678.) NWNA therefore requests that the Court grant Plaintiffs' motion to seal with respect to Exs. 75-80, at least provisionally, or, consistent with its action on NWNA's motion to seal exhibits in support of NWNA's summary judgment motion, reserve judgment on Plaintiffs' motion, with like effect. (*See* ECF No. 688.)

CONCLUSION

For the foregoing reasons, NWNA requests that the Court grant Plaintiffs' motion to seal (ECF No. 689) with respect to Exhibits 75-80 submitted by Plaintiffs in opposition to NWNA's motion for summary judgment.

DEFENDANT,
NESTLÉ WATERS NORTH AMERICA INC.

By: /s/ Jeffrey M. Garrod
    Jeffrey M. Garrod (admitted phv)
    Craig A. Ollenschleger (admitted phv)
    Alexander S. Firsichbaum (admitted phv)
    Orloff, Lowenbach, Stifelman & Siegel, P.A.
    44 Whippany Road, Suite 100
    Morristown, NJ 07960
    Telephone: (973) 622-6200
    Fax: (973) 622-3073
    JGarrod@olss.com;
    COllenschleger@olss.com;
    AFirsichbaum@olss.com

    Jonathan B. Tropp (ct11295)
    Day Pitney LLP
    195 Church Street, 15th Floor
    New Haven, CT 06510
    Telephone: (203) 977-7337
    Fax: (203) 901-1733
    jbtropp@daypitney.com

    Thomas B. Mayhew (admitted phv)
    Kyle A. McLorg (admitted phv)
    Farella, Braun & Martel LLP
    235 Montgomery St., 30th Flr.
    San Francisco, CA 94104
    Telephone: (415) 954-4400
    Fax: (415) 954-4480
    TMayhew@fbm.com
    KMcLorg@fbm.com

    Its Attorneys